188 So.2d 647 (1966)
C. L. PAYTON et ux., Plaintiffs-Appellants,
v.
E. L. ST. JOHN et al., Defendants-Appellants-Appellees.
No. 10598.
Court of Appeal of Louisiana, Second Circuit.
June 30, 1966.
*648 Guerriero & Guerriero, Monroe, for plaintiffs-appellants.
Dhu and Lea S. Thompson, Monroe, for E. L. St. John and Texaco Service Center, Inc., appellees and appellants in third-party petition.
Theus, Grisham, Davis, Leigh & Brown, Monroe, for Texaco, Inc., and Travelers Ins. Co., defendants-appellees.
Hayes, Harkey & Smith, Monroe, for Commercial Standard Ins. Co., third-party defendant-appellee.
Before HARDY, GLADNEY, and AYRES, JJ.
AYRES, Judge.
This is an action in tort wherein plaintiff, Mrs. Beatrice Payton, seeks to recover damages for personal injuries sustained in an accident of May 5, 1964, when she fell while using rest room facilities of the Texaco Service Center, Inc., lessee and operator of an automobile service station in Monroe, Louisiana. Plaintiff C. L. Payton, husband of Mrs. Beatrice Payton, as head and master of the community of acquets and gains existing between him and his wife, seeks reimbursement of medical expenses incurred in the treatment of his wife's injuries.
Mrs. Payton contends that, as she sat on the seat of a commode in the ladies' rest room, the seat, by reason of its having become detached from its fastenings, slipped from underneath her, precipitating her fall to the floor, inflicting the injuries of which she complains.
Made defendants in addition to Texaco Service Center, Inc., and its president and manager, E. L. St. John, were Texaco, Inc., owner and lessor of the service station, and its liability insurer, The Travelers Insurance Company. Negligence charged to these defendants included the failure of the lessor and lessee of the station to keep the rest room in a safe condition, and the allowance of the seat of the commode to become and remain detached from its fastenings. The defendants, Texaco, Inc., Travelers, and Texaco Service Center, denied negligence on the part of any of the defendants and pleaded contributory negligence on the part of Mrs. Payton. *649 E. L. St. John successfully urged exceptions of no cause and of no right of action, and this action, as to him, was dismissed. Texaco Service Center, Inc., in a third-party proceeding, caused Texaco, Inc., and The Travelers Insurance Company to be made third-party defendants and prayed for judgment against them for any amount for which the third-party plaintiff might be condemned. In a similar, subsequent proceeding, Texaco Service Center, Inc., alleged that, on the date of the accident, there was in full force and effect a liability insurance policy of Commercial Standard Insurance Company affording coverage of whatever damages plaintiff may have sustained, and contended that, in case it was condemned by judgment, it should have judgment against its aforesaid surety. The defendant Texaco Service Center, Inc., also called upon its surety, Commercial Standard Insurance Company, to defend this action against it and prayed for damages in the event of its failure to do so. The surety admitted the issuance of the policy but contended it had been breached by the assured's failure to give notice of the filing of the suit.
After trial, the court concluded that Mrs. Payton, while upon the service-station premises, occupied the status of a licensee to whom the defendant, Texaco Service Center, Inc., owed the duty only of not willfully or wantonly injuring her and of warning her of any latent danger of which it had knowledge.
The court concluded there was no evidence of the violation of any duty owed plaintiff and therefore rejected her demands. The demands of the third-party plaintiffs were also rejected. Plaintiffs and the third-party plaintiffs prosecute appeals to this court.
Of primary concern is the status of Mrs. Payton as she entered and remained upon the premises of defendant Texaco Service Center, Inc. This status must be determined from the facts inferred from her presence on the premises.
The record discloses that on the day of the incident herein concerned, plaintiff, Mrs. Payton, and a Mrs. Beverly Bryant met at an employment office. Both had arrived there in their own cars. Mrs. Bryant suggested that plaintiff leave her car and accompany her, Mrs. Bryant, on a shopping tour. Plaintiff accepted the invitation and accordingly entered Mrs. Bryant's car as a guest passenger, whereupon, with Mrs. Bryant driving, they proceeded to a grocery store. In the meantime, while passing the aforesaid service station, plaintiff suggested to her host they stop and use the ladies' rest room. Mrs. Bryant obligingly drove into the service station and stopped near the ladies' rest room, the door to which was open. Thereupon, Mrs. Payton alighted from the car and, without requesting permission, proceeded into the rest room, where the accident occurred. Neither Mrs. Payton nor Mrs. Bryant was a customer of the service station. In the past they may have made small purchases, but, on the occasion of this accident, there was no intention of either to transact any business at the station, and none was, in fact, transacted.
A fundamental principle is in order that there be negligence, or actionable negligence, there must be a duty or obligation on the part of the person charged with negligence and a breach of such duty. The rule, tersely stated, is that, in the absence of some duty which has been neglected or violated, there can be no actionable negligence; and hence, in order that a person may have a cause of action on account of an injury to person or property resulting from negligence, it is necessary that the act or omission complained of should have involved some breach of duty owed to him, or to the person whom he represents, by the person of whose negligence he complains. Mills v. Heidingsfield, 192 So. 786, 789, La.App., 2d Cir.1939 (writ denied). See, also, 65 C.J.S. verbo Negligence § 4 a, p. 332.
*650 In cases of this character the complaining person is classified as an invitee, licensee, or trespasser for the purpose of determining whether or not there has been a breach of duty. In defining and distinguishing each of these classifications, this concise language was employed in Alexander v. General Accident Fire & L. Assur. Corp., 98 So.2d 730, 731-732, La. App., 1st Cir.1957 (writ denied):
"(1) A trespasser is one who enters the premises without the permission of the occupier or without a legal right to do so; and towards the trespasser no duty exists in most instances except to refrain from willfully or wantonly injuring him.
"(2) A licensee is one who enters the premises with the occupier's express or implied permission, but only (according to the conventional description) for his own purposes which are unconnected with the occupant's interests; and to him in addition to the duty owed to a trespasser, is owed the duty of warning the licensee of latent dangers of the premises if actually known by the occupier.

"(3) An invitee is a person who goes on the premises with the express or implied invitation of the occupant on the business of the latter or for their mutual advantage; and to him, the duty owed is that of reasonable and ordinary care, which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger."
See the authorities therein cited, particularly Mills v. Heidingsfield, supra, wherein we find, appropriate to the present situation, the following observation:
"A person is a licensee, according to 45 Corpus Juris, verbo, `Negligence', § 194, `where his entry or use of the premises is permitted by the owner or person in control thereof, or by operation of law, so that he is not a trespasser, but is without any express or implied invitation. He therefore occupies a position somewhere between that of a trespasser and that of an invitee. A license is distinguished from an invitation in that the licensee is on the premises by sufferance only, and not by virtue of any business or contractual relation with, or any enticement, allurement, or inducement to enter held out to him by, the owner or occupant, but merely in his own interest and for his own purposes, benefit, convenience, or pleasure.' This statement of the rule appears to have been substantially approved and followed by the courts of this state. Bell v. Houston & S. R. Co. et al., 132 La. 88, 60 So. 1029, 43 L.R.A., N.S., 740; Vargas v. Blue Seal Bottling Works, Ltd., 12 La.App. 652, 126 So. 707; Myers v. Gulf Public Service Corp., 15 La.App. 589, 132 So. 416; Platt et al. v. Bender et al., La.App., 178 So. 678.
* * * * * *
"Under the general law of negligence, a licensee takes the premises as he finds them. The owner thereof owes to him only the duty of refraining from injuring him wilfully, wantonly, or through active negligence. Vargas v. Blue Seal Bottling Works, Ltd., Myers v. Gulf Public Service Corp., Platt v. Bender, all supra; 45 Corpus Juris, verbo, `Negligence', § 201."
From the aforesaid statement of facts, considered in the light of the aforesaid legal principles, it can only be concluded that plaintiff, Mrs. Payton, at the time she sustained accidental injuries, was, at the most, a licensee upon the premises of the filling station. She went upon the premises for her own convenience and comfort, and through no mutuality of interest between her and any of the defendants.
It appears appropriate to point out that the premises were properly maintained in a clean condition. The evidence is uncontradicted that the rest rooms were inspected daily, and particularly early in the morning *651 of the day of the accident, and nothing was then found amiss. It was only after the accident was reported, during the afternoon, that it was discovered, after a very careful examination, the hinge on the commode seat was broken.
From the aforesaid statement of facts the conclusion is inescapable that defendant Texaco Service Center, Inc., neither breached nor violated any duty which it owed to plaintiff. Moreover, the same conclusion would follow even had Mrs. Payton been an invitee upon the premises. It was not established that the owner and lessee of the station had either actual notice or knowledge of the defective toilet seat or the opportunity to repair it.
The remaining issue of interest only to Texaco Service Center, Inc., and its insurer, Commercial Standard Insurance Company, concerns the former's right to recover of the latter damages for the latter's failure to recognize its obligations under the policy, particularly to defend its assured in this action. The defense is that the assured breached the policy by its failure to give timely notice to the insurer of the filing of this suit. The policy contract obligated the insurer to pay all sums which the insured shall become legally obligated to pay as damages because of bodily injury, and to defend any suit against the insured seeking damages under the terms of the policy. It is provided, however, that written notice of any accident or loss shall be given by or for the insured to the insurer or any of its authorized agents as soon as practicable, and that
"If claim is made or suit is brought against the insured he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."
As a condition precedent, the policy provided that no action shall lie against the insurer unless the insured shall have fully complied with all the terms of the policy.
The facts relating to the insured's failure to comply with the requirements of the policy may be briefly reviewed. The accident occurred May 5, 1964, and, three or four weeks later, the assured disclosed this fact to the insured's local agent. Suit was filed September 16, 1964, following which the assured retained counsel for its own account. Counsel took Mrs. Payton's discovery deposition October 5, 1964, and filed a declinatory exception October 6, 1964. Following the filing of an amended petition, insured's counsel filed a rule to traverse plaintiff's right to proceed in forma pauperis October 21, 1964, on which date an exception of no cause and of no right of action was filed on behalf of defendant E. L. St. John, individually. The rule to traverse was overruled and the exceptions of no cause and of no right of action, as heretofore noted, were sustained.
Defendant Texaco Service Center, Inc., also filed an answer to plaintiff's action on December 1, 1964, and a third-party petition against Texaco, Inc., and The Travelers Insurance Company. Thereafter, on December 8 or 9, 1964, St. John verbally disclosed to the insurer's agent there was a pending suit. However, no copies of any suit papers were delivered to him. Until that time, no notice of any character had been given to Commercial Standard Insurance Company that any suit had been filed. Notice in compliance with the terms of the policy was not given until February 3, 1965, when copies of the petition and answer were forwarded. Upon receipt of this notice, insurer's attorneys advised defendant insured by letter that the insurer took the position the insured had breached the policy and there was no longer any coverage; that it would, however, assume the defense of the suit at its expense, with reservation of all its rights, but that it would not be responsible for any expense incurred prior to receipt of the aforesaid notice. This offer was refused by the assured, whereupon the insurer again emphasized its position that the assured had breached the policy for failure to give notice *652 of the suit and to forward all suit papers. Further negotiations were unavailing in getting the insurer to defend the suit without reservations. The third-party petition by the insured against the insurer followed on March 12, 1965.
Deemed appropriate to the aforesaid state of facts is the observation made by this court in Hallman v. Marquette Casualty Company, 149 So.2d 131, 135, La.App., 2d Cir. 1963, wherein it was stated:
"Under an insurance policy such as is herein concerned, an insured's obligation is twofold: (1) he must report the accident and (2) he must forward the suit papers to the insurer in order to have the protection of the insured's obligation. The rule is that, while an insurance company must usually establish prejudice in order to avail itself of the defense of the lack of notice, as respects the accident itself, it need not establish prejudice in order to avail itself of the defense of failure to forward the suit papers. Even so, it would be difficult to conceive of greater prejudice, and of a confiscatory result being reached, than a demand for payment of a default judgment of which a defendant is totally ignorant, and which, through the failure of the assured to comply with the terms of the contract and forward the process and pleadings to the insurer, it has been deprived of its right to defend the action.
"Thus, under the general rule, an insurer need not show that its rights have been prejudiced by the insured's failure to comply with the policy requirement as to forwarding of suit papers in order to be relieved of liability under the policy. Ross v. Mayflower Drug Stores, 338 Pa. 211, 12 A.2d 569; Unverzagt v. Prestera, 339 Pa. 141, 13 A.2d 46; New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56; Harmon v. Farm Bureau Mut. Automobile Ins. Co., 172 Va. 61, 200 S.E. 616; State Farm Mut. Automobile Ins. Co. v. Arghyris, 189 Va. 913, 55 S.E.2d 16; Preferred Acc. Ins. Co. of New York v. Castellano, 2d Cir., 1945, 148 F.2d 761.
"The aforesaid general rule finds particular application in those cases in which the liability policy contains a provision making compliance with the requirement of forwarding suit papers expressly a condition precedent to any liability on the part of the insurer, or as a condition precedent to an action against the insurer. Standard Accident Ins. Co. v. Turgeon, 1st Cir., 1944, 140 F.2d 94; State Farm Mut. Auto. Ins. Co. v. Cassinelli, 67 Nev. 227, 216 P.2d 606, 18 A.L.R.2d 431; Harmon v. Farm Bureau Mut. Automobile Ins. Co., supra. See, also: 18 A.L.R.2d 480."
Thus, the rights and obligations of the parties herein concerned are predicated upon certain terms and conditions of a contract. The courts may not make contracts for the parties litigant. The functions and duties of the courts consist simply in interpreting and enforcing agreements as confected by the parties thereto. It is self-evident that a failure to restrict the rights of an injured person to the terms and conditions of an insurance policy would expose an insurer to liabilities far beyond the scope or contemplation of the contract.
Among the terms of the contract herein concerned is a condition precedent to an action against the insurer, that is, that the insured shall have fully complied with all of the terms of the policy. One of these requirements is that the insured shall immediately forward to the company every demand, notice, summons, or other process received by him or his representative. Inasmuch as the insured breached the contract by its failure to give notice of the filing of the suit to the insurer, and by proceeding with a defense of the case on its own account, the insurer is under no obligation to the insured for damages in the nature of *653 attorneys' fees expended in defense of the action.
For the reasons assigned, the judgment appealed is affirmed at appellants' costs.
Affirmed.