221 So.2d 557 (1969)
Carl A. MILLER, Plaintiff,
v.
Hampton MARCANTEL et al., Defendants-Third Party Plaintiffs-Appellants,
v.
The EMPLOYERS LIABILITY ASSURANCE CORPORATION, Ltd., Third Party Defendant-Appellee.
No. 2659.
Court of Appeal of Louisiana, Third Circuit.
April 8, 1969.
Cormie & Morgan, by Robert E. Morgan, Lake Charles, for defendants-appellants.
Brame, Stewart & Bergstedt, by Frank M. Brame, Lake Charles, for third-party defendant-appellee.
Hunt, Godwin, Painter & Roddy, by David Painter, Lake Charles, for plaintiff-appellee.
Before TATE, HOOD and CULPEPPER, JJ.
TATE, Judge.
This appeal is from the dismissal of a third-party demand. By it, Marcantel and Hebert, the defendants in the principal action, *558 made Employers a third-party defendant. They alleged that a liability policy issued by Employers provided coverage for the damages claimed against them in the principal action.
By motion for summary judgment, Employers contended that Marcantel and Hebert had forfeited coverage by breaching a policy condition which required immediate notice of suit filed. The trial court upheld this contention. Marcantel and Hebert consequently appeal from the summary judgment dismissing their third-party demand.
The sole issue is whether the coverage otherwise afforded by the Employers policy is inapplicable because Marcantel and Hebert failed to furnish notice to the insurer of the suit against them individually until five months after it was filed.
The insurer contends that furnishing such notice immediately was a condition precedent to coverage. Marcentel and Hebert contend, on the other hand, that the coverage afforded by the policy is not forfeited by a non-compliance with the notice requirement, in the absence of prejudice shown to the insurer. For purposes of this appeal, the insurer is not shown to have been actually prejudiced by the failure to have forwarded the suit papers immediately, unless as a matter of law or of conclusive fact the mere delay in forwarding the suit papers is to be regarded as prejudicial.
A truck driven by Miller, the plaintiff in the principal action, collided with a combine operated by the defendant Hebert, an employee of the co-defendant Marcantel. The principal action was filed by the plaintiff Miller to recover for his personal injuries thereby sustained. Made defendants were only Marcantel and Hebert individually.
The accident occurred on October 23, 1967. It is not disputed that within a few days the third-party defendant Employers received notice of the accident from the local insurance agency which had issued Marcantel the farmer's comprehensive insurance policy here sued upon, as well as other policies. Employers then made a full investigation of the accident.
Nevertheless, when the present suit was filed against Marcantel and Hebert on February 27, 1968, they did not furnish Employers notice of such suit, nor did they forward to it suit papers as required by Condition 4(b) of the policy.[1]
Instead, the defendants retained their own counsel, who filed answer and made their own investigation. (This latter included writing and securing the cooperation of the third-party defendant's adjuster in May 1968 with regard to his furnishing investigation photographs taken immediately after the accident.) Not until August 5, 1968, some five months after suit, did the counsel individually retained by Marcantel and Hebert notify Employers of this suit and formally request Employers to undertake its defense.[2]
*559 The trial court held that the coverage of the Employers policy did not apply to the present accident because neither the named insured Marcantel nor the omnibus insured Hebert[3] notified Employers of the suit filed against them until five months later. In so holding, our trial brother relied upon statements in two decisions of our brothers of the Second Circuit. Payton v. St. John, La.App. 2d Cir., 188 So.2d 647; Hallman v. Marquette Casualty Co., La.App., 149 So.2d 131.
These decisions did, it is true, recite the preponderant jurisprudence in other jurisdictions, to the effect that the insured's failure to comply with a policy requirement that he forward suit papers immediately will relieve his insurer of liability, regardless of whether the company was prejudiced by the policyholder's failure to do so. Couch on Insurance Second, Section 51:199 (1965); 8 Appleman, Insurance Law and Practice, Section 4740 (1962); 8 Blashfield, Automobile Law and Practice, Section 342:10 (2d ed., 1966); 7 Am.Jur.2d Automobile Insurance, Section 185; 45 C.J.S. Insurance, § 1048; Annotation, Liability InsuranceNoticePapers, 18 A.L. R.2d 443 (1951).
However, in each of the cited Louisiana decisions the insurer was actually prejudiced by the insured's failure to furnish papers promptly.[4] While the rationale was stated in terms of the broad exculpatory rule applicable in many other jurisdictions, nevertheless the results were not inconsistent with the principle enunciated by our Louisiana Supreme Court in the interpretation of other notice requirements of automobile liability policies, to-wit:
The function of the notice requirements is simply to prevent the insurer from being prejudiced, not to provide a technical escape-hatch by which to deny coverage in the absence of prejudice nor to evade the fundamental protective purpose of the insurance contract to assure the insured and the general public that liability claims will be paid up to the policy limits for which premiums were collected. Therefore, unless the insurer is actually prejudiced by the insured's failure to give notice immediately, the insurer cannot defeat its liability under the policy because of the non-prejudicial failure of its insured to give immediate notice of an accident or claim as stipulated by a policy provision.
The Louisiana Supreme Court has not yet had opportunity to interpret a notice-of-suit requirement of a liability policy. See Condition 4(b) of the present policy, quoted in Footnote 1. However, its interpretation of the closely related notice-of-accident requirement (see Condition 4(a), Footnote 1) is instructive and persuasive as to the principle properly applicable to the interpretation and application of the similar notice requirement now before us.
In West v. Monroe Bakery, Inc., 217 La. 189, 46 So.2d 122, the insurer was not notified of the accident until more than a year after the accident. In holding the *560 policy defense not applicable in this direct action against the insurer, the court's majority did base its rationale upon the protective purpose of the direct-action statute (now LSA-R.S. 22:655) with relation to injured persons. But the decision also relied upon its earlier jurisprudence, especially Jackson v. State Farm Mutual Auto. Ins. Co., 211 La. 19, 29 So.2d 177, to the effect that an insurer could not rely upon delayed notice in the absence of prejudice or bad-faith circumstances indicating fraud or collusion. See also Reid v. Monticello, La. App., 1st Cir., 44 So.2d 509.
The West decision primarily involved the liability of an insurer directly to the injured person under the direct-action statute. However, this same test of prejudice or fraud is applied to determine whether delayed notice may exculpate an insurer from liability to its own insured also. Howard v. Early Chevrolet-Pontiac-Cadillac, Inc., La.App. 2d Cir., 150 So.2d 309.
Similarly, in interpreting a now-deleted policy requirement that the insured must give notice of optional coverage of an omnibus insured within thirty days of a claim, our Supreme Court refused to hold that the failure to give such notice vitiated the fundamental intent of the policy to protect the insured and the public. Davies v. Consolidated Underwriters, 199 La. 459, 6 So.2d 351. The court pointed out that the insurer was thereby "not deprived of any substantial right. Its liability remains contingent and is dependent upon proof of negligence of Stahl [the omnibus insured], the driver of the automobile." 6 So.2d 357.
Louisiana's rulethat delayed notice of an accident does not forfeit coverage in the absence of prejudice to the insurer represents the minority American view. 7 Am.Jur.2d Automobile Insurance, Section 145; Annotation, 18 A.L.R.2d 443, 480 (Section 24). To apply a similar rule avoiding forfeiture for nonprejudicial delayed notice of suit, will likewise place Louisiana in the minority. 7 Am.Jur.2d Automobile Insurance, Section 186. Nevertheless, an increasing number of American jurisdictions (and of the more recent decisions) do apply this latter rule, thus preventing forfeiture of liability policies absent prejudice to the insurer through the delayed noticeand applying the rule indistinguishably, whether the delayed notice is of the accident or is of the filing of the suit. Annotation, 18 A.L.R.2d 443, 480 (Section 25) (1951); supplemented, 2 Later Case Service 1150 (1965), 1968 pocket part, p. 151.[5]
We are unable to discern any logical or functional reason why a different rule should apply in Louisiana to the delayed notice of suit, than we now apply to the delayed notice of accident. As to the latter, coverage is not forfeited by the delayed notice unless the insurer is prejudiced thereby. No reason is advanced why a different rule should be applied when the delayed notice is of the institution of suit rather than of the accident.
The principle of interpretation followed in both instances is that policy clauses are interpreted in the light of their function and in view of the fundamental purpose of the insuring contract entered into between the parties: to effectuate the substantive coverage intended by the policy, rather than to defeat it by applying technically a clause designed merely to protect the insurer from prejudice, not to trap the insured.
There being no prejudice alleged or shown other than the naked delay in notifying the insurer of the suits brought against the insured, it was erroneous to dismiss on summary judgment the third-party demand seeking to enforce the substantive coverage afforded by the Employers policy.
*561 This being so, it is unnecessary to discuss the serious alternative contention that, whatever be the duty of the named insured to notify the insurer, the omnibus insured (the codefendant employee) could not be held to any such duty in view of his ignorance of the policy and of his mental incapacity. Couch on Insurance 2d, Sections 49:133, 135 (1965).
Accordingly, the summary judgment dismissing the appellants' third-party demand is dismissed, and we remand this case for further proceedings consistent with our decision herein. The third-party defendant, appellee, is to pay the costs of this appeal; taxing of all other costs to await final determination of this litigation.
Reversed and remanded.
NOTES
[1] Condition 4 of the policy pertinently provides:

"4. Insured's Duties in the Event of Occurrence, Claim or Suit.
"(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable. * * *
"(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative. * * *"
Condition 5 further states:
"5. Action Against Company:
No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, * * *"
[2] By this letter, counsel stated that Marcantel had not learned until then that one of the policies obtained from his local insurance agency, a farmer's comprehensive personal liability insurance policy, provided coverage for both Marcantel and Hebert. The private counsel stated that they had already obtained extensive investigation information in a number of depositions and would be glad to cooperate in any way possible with Employers' attorneys. The letter further pointed out that the counsel for opposing parties were apparently likewise unaware that Marcantel and Hebert were afforded liability coverage by any insurance policy.
[3] Hebert was an omnibus insured under coverage V(b), as an employee operating a motor-drawn farm implement or tractor while engaged in the employment of the insured.
[4] In Hallman, a default judgment had been confirmed and become final and executory before the insurer was notified of the suit, without having had an opportunity to defend the suit. Payton concerned the attempt of the insured to recover its private attorney's fees for a successful defense on the merits of the claim; no attempt had been made to notify the insurer until after an allegedly solidarily liable co-defendant had been dismissed from the suit upon exceptions urged by the private counsel, who represented both this co-defendant and the insured.
[5] The annotation and supplements recognize altogether 16 other states as applying this rule: California, Florida, Idaho, Illinois, Indiana, Michigan, Mississippi, Minnesota, Ohio, Oklahoma, Oregon, Pennsylvania, Tennessee, Virginia, Vermont, and Wisconsin.