BLANCHE, Judge.
In this case, plaintiff, Zachary Branzaru, is suing defendant, Millers Mutual Fire Insurance Company, for the amount of a judgment rendered against plaintiff in favor of Peter Fliess for injuries sustained by Mr. Fliess as a result of being bitten by a dog belonging to plaintiff. After being served with the Fliess suit, Mr. Bran-zaru hired his own counsel but failed to *770 notify his insurer, Millers Mutual, of either the dog biting incident or the subsequent lawsuit because he did not realize his homeowner’s policy covered such situations. The Fliess suit was tried and Mr. Branzaru was cast in judgment for $1,250 plus all costs. After the trial of the Fliess suit, Mr. Branzaru became aware of the possibility that his homeowner’s policy with Millers Mutual would cover the injuries sustained by Peter Fliess. After Mr. Fliess’ unsuccessful attempt to garnish Millers Mutual for the amount of the judgment, Mr. Branzaru brought this suit. The District Court rendered judgment in favor of Millers Mutual and plaintiff has perfected this devolutive appeal.
Plaintiff relies on the case of Miller v. Marcantel, 221 So.2d 557 (La.App. 3rd Cir. 1969), to support his contention that an insured’s failure to notify his insurer of a lawsuit does not defeat the insurer’s liability under the policy unless a showing is made of actual prejudice to the insurer. The Miller case is distinguishable on the obviously critical ground that there the insurer was notified five months after the suit was filed but before the trial on the merits.
The present case is more closely analogous to Hallman v. Marquette Casualty Company, 149 So.2d 131 (La.App. 2nd Cir. 1963), where the insurer was found to have been actually prejudiced since notification was not given until after a default judgment had become final and executory. In the instant case, the fact that the insurer was notified before the delays had run for filing a suspensive or devolutive appeal does not materially lessen the prejudicial effect of the plaintiff’s failure to give notification of either the claim, the filing of suit, or the trial. We are aware of cases which hold that prejudice to the insurer does not necessarily follow from the insured’s failure to give timely notification of accidents, claims, or the filing of suit; however, we cannot conceivably support plaintiff’s contention that the logic of these cases is properly extended to the situation where the insurer is notified only after the trial on the merits is concluded.
The judgment of the District Court is affirmed at appellant’s cost.
Affirmed.