272 So.2d 458 (1973)
Shirley DAVIS, Individually and as natural tutrix of her minor daughter, Cathy Ann Davis, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY et al., Defendants-Appellees.
No. 11987.
Court of Appeal of Louisiana, Second Circuit.
January 9, 1973.
Rehearing Denied February 6, 1973.
Jerry A. Kirby, Monroe, for plaintiff-appellant.
*459 Snellings, Breard, Sartor, Shafto & Inabnett by Kent Breard, Monroe, for Allstate Ins. Co., defendant-appellee.
Before AYRES, PRICE and HALL. JJ.
En Banc. Rehearing Denied February 6, 1973.
AYRES, Judge.
This action arose out of a motor vehicle collision which occurred on the Sterlington Road near Monroe on March 25, 1971. Involved in the collision was an automobile owned and driven by Cletus M. Willbanks with whom plaintiff's minor daughter, Cathy Ann Davis, was riding as a guest passenger. Plaintiff appears as natural tutrix of her daughter and seeks to recover damages for and on behalf of her daughter for injuries, pain, and suffering sustained and endured by the daughter as a result of the accident. Plaintiff also appears in her individual capacity and seeks to be reimbursed medical expenses incurred in the treatment of the injuries sustained by the daughter. Made defendants are Willbanks, against whom plaintiff seeks to recover in tort, and Allstate Insurance Company, against whom she seeks to recover in contract under the uninsured motorist's provisions of her own automobile policy issued by that defendant.
To plaintiff's action the defendant insurer, Allstate, successfully urged in the trial court a motion for a summary judgment based upon the contention that there was no genuine issue as to a material fact and that, accordingly, defendant was entitled to a judgment, as a matter of law, dismissing plaintiff's demands. From a judgment accordingly dismissing plaintiff's action so far as concerns Allstate, plaintiff appealed.
The motion for a summary judgment was based upon the proposition that plaintiff's notice and demand made upon the insurer were untimely and not in keeping with the provisions of the insurance contract which required:
"As soon as practicable, the insured or other person making claim shall give to the company written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable hereunder."
In connection with the aforesaid policy statement, it is urged that in order to institute and maintain an action under the insurance contract, compliance with all its terms, such as the giving of notice, is a prerequisite.
In an affidavit of Herb Griener, defendant's local claims manager, it is shown that this action was filed in the Fourth Judicial District Court for Ouachita Parish on March 14, 1972, and a copy of the petition was served upon the Secretary of State, defendant's agent for service, on March 17, 1972, a copy of which was forthwith forwarded to and received in defendant's Shreveport office on March 20, 1972. Moreover, no other notice of plaintiff's claim was received by it prior to the later date. It is further recited in the aforesaid affidavit that the failure to give prompt and reasonable notice to the insurer prevented the insurer not only from making a prompt investigation of the alleged accident but also from protecting its interests against a negligent tort-feasor. These violations of the terms of the insurance contract, it is contended, resulted in prejudice to defendant.
In opposition to defendant's motion for a summary judgment, plaintiff, Shirley Davis, filed an affidavit containing a recital of facts to this effect:
That shortly after the collision occurred, plaintiff was notified by Cletus M. Willbanks, who was then dating her daughter, Cathy Ann Davis, that he had full insurance coverage on his car, both as to collision and liability. Through experience and knowledge acquired by virtue of her prior employment by an insurance company, plaintiff felt that notice would not be necessary under the uninsured motorist's provisions of her policy until such time as she was able to establish there was no liability *460 type insurance company insuring Willbanks' car.
Plaintiff, through her attorney, proceeded to contact Willbanks' insurer and was subsequently informed that Willbanks had only collision-type coverage on his vehicle. After receipt of this information and on a basis of Willbanks' contention that he had liability insurance on his car, petitioner and her attorney continued to investigate the possibility that Willbanks had such insurance with another insurance company. After it was determined Willbanks did not have liability insurance, this suit was filed without prior formal notice to defendant due to the fact that the expiration of the prescriptive period for actions in tort was close at hand. Upon filing the suit, plaintiff, through her attorney, agreed to allow Allstate 30 days, at least, in which to investigate this matter. This delay was requested by defendant's representative and granted by plaintiff's counsel.
Shortly thereafter, Bill Roach, agent of the defendant insurer, was contacted by plaintiff's counsel, who made available to Roach all available information with reference to the accident, the injuries sustained, and the doctor's reports. Roach had the fullest cooperation from plaintiff and her counsel.
Although plaintiff gave no immediate notice to Allstate following the accident, such failure was due to the fact that she had no knowledge that Willbanks had no liability-type coverage. Therefore, notice given in the way of a suit filed and served upon defendants was notice "as soon as practical," for, until it was determined that Willbanks had no liability insurance coverage on his car, plaintiff did not know there was coverage under the uninsured motorist's provisions of her policy.
With reference to the purposes to be served by notices in cases such as this, Judge Tate of the Third Circuit Court of Appeal, and now Associate Justice of the Supreme Court, stated, in Miller v. Marcantel, 221 So.2d 557, 559 (La.App., 3d Cir. 1969):

"The function of the notice requirements is simply to prevent the insurer from being prejudiced, not to provide a technical escape-hatch by which to deny coverage in the absence of prejudice nor to evade the fundamental protective purpose of the insurance contract to assure the insured and the general public that liability claims will be paid up to the policy limits for which premiums were collected. Therefore, unless the insurer is actually prejudiced by the insured's failure to give notice immediately, the insurer cannot defeat its liability under the policy because of the non-prejudicial failure of its insured to give immediate notice of an accident or claim as stipulated by a policy provision." (Emphasis supplied.)
Thus, by reference to the affidavit filed for and on behalf of the defendant, defendant has not shown in either its motion, or in the affidavit filed in support of the motion, or elsewhere, how or in What manner or respect, it has been prejudiced by plaintiff's failure to promptly notify the defendant of the accident. Nowhere is it contended that plaintiff's alleged failure to comply with the terms of the contract was predicated upon fraud or induced by any desire or purpose to mislead defendant or to conceal from it any fact. Plaintiff's affidavit not only clearly negated any fraud, deception, or the withholding of information from defendant but also evidenced a willingness to fully cooperate with defendant in its investigation of the case. Defendant, moreover, availed itself of plaintiff's offer to postpone any further action in court pending the making of its investigation.
Under the showing made in these affidavits, plaintiff was hard pressed to establish there was no liability insurance covering the Willbanks car, a prerequisite to the establishment of defendant's liability to plaintiff under the uninsured motorist's *461 provisions of her policy. That Willbanks, the driver and owner of the vehicle involved, was a resident of the State of Arkansas served to increase plaintiff's difficulty in establishing that the Willbanks car was not covered by liability insurance. It was, however, finally determined, about four days prior to the expiration of a year following the collision, that Willbanks did not have such insurance on the car. As soon as this fact was made known to plaintiff and her attorney, time scarcely remained for plaintiff to make an appropriate demand. Plaintiff, thereupon, instituted this action so as to preserve her rights and those of the defendant insurer against the tort-feasor.
The sole issue before this court is whether plaintiff's failure to give notice of the accident to Allstate until just before prescription would have accrued against the tort-feasor was a violation of the terms of her insurance barring her right to recover against her insurer.
In Jackson v. State Farm Mut. Automobile Ins. Co., 211 La. 19, 29 So.2d 177, 179 (1946) wherein the court was concerned with the single proposition as to whether the insurance company was relieved from liability because of a delay of 82 days in its receipt of notice of the occurrence of an accident, the court appropriately observed:
"Each case involving delayed notices must stand upon its own facts and circumstances. The Court may consider in balancing the equities, not only the time intervening between the accident and the date of notice to the insured, and whether or not the claim is a direct one by the injured persons, under Act 55 of 1930 [LSA-R.S. 22:655] but also when the parties first discovered that substantial injury had been done or that a claim would be made; the time when the injured party discovered that insurance existed and knew the identity of the insurer; what prejudice to the insurance company's defense has been caused by the delay; the good faith of the insured and injured party; and the existence of any special circumstances, especially those indicating fraud or collusion.
"Having found in the case before us that the insured Toler had reasonable grounds to believe that no claim would be made until the June demand was made upon him; that there was no substantial prejudice to defendants; and that no element of fraud, collusion, or bad faith existed, we conclude that plaintiffs' right of action under the policy issued by the defendant has not been lost." (Emphasis supplied.)
In Jones v. Shehee-Ford Wagon & Harness Co., 183 La. 293, 163 So. 129, 131 (1935), the Supreme Court observed that the principal issue in the case was whether Shehee-Ford, the insured, breached the contract of insurance by failing to immediately report the accident. The court found, as a fact, that "As soon as the insured, in this case, was informed that the accident had caused a loss covered by the policy, the insured gave notice to the insurer." (Emphasis supplied.) The court, therefore, concluded that when the insured gave notice to the insurance company as soon as he had reason to believe that the accident which caused the loss was covered by the policy, there was a substantial compliance with the clause requiring immediate notice. In that regard, the Supreme Court stated:
"Under policy contracts similar to the one before us, the law does not require the insured to give notice to the insurance company of an accident unless the insured has reason to believe that the accident has caused or will cause loss covered by the policy." (Emphasis supplied.) 163 So. 131.
As already noted, plaintiff had no reason to believe that the accident was covered by the uninsured motorist's provisions of her own policy until it was determined there was no liability insurance covering the offending vehicle.
*462 Moreover, under a similar clause with reference to notice, this court held, in Howard v. Early Chevrolet-Pontiac-Cadillac, Inc., 150 So.2d 309, 312 (La.App., 2d Cir. 1963), that an insurer could not avoid liability for injuries sustained by an invitee of an insured on the insured's premises because of failure of the insured to give notice of the accident as soon as practicable as required by the policy where the failure was due to the insured's impression there was no liability under the policy. In that case, the insured was under the impression that the policy did not cover the accident until within four days of the running of prescription, when she learned of the policy's coverage.
Nor do we find that the defendant insurer has been prejudiced by plaintiff's action. Quite to the contrary, the filing of this suit shortly before the end of the one-year prescriptive period inured to the benefit of the insurer and preserved its rights of subrogation against the tort-feasor.
The facts of the instant case are vastly different from those of LeBlanc v. Davis, 254 La. 439, 223 So.2d 862, 863 (1969), on which defendant bases its defense. The record in that case discloses not only a failure to cooperate with the defendant but an absolute refusal to do so. In summarizing the facts of that case, former Chief Justice Fournet pointed out:
"While the record does not clearly indicate exactly when the insured gave the company proof of claim, the record does show that after suit was filed on January 27, 1965 Travelers, apparently not having sufficient information to properly evaluate the claim of the insured, propounded interrogatories to the plaintiff requesting the names of all doctors who had treated or examined her along with the physical findings of each, what, if any, written reports had been rendered and if they would be made available voluntarily. Counsel for plaintiff vigorously resisted all efforts of the defendant to secure any information in regard to the physicians' findings, objecting to the interrogatories, which was sustained by the trial judge along with the notation that counsel refused to give the written reports, referring the defendant to discovery depositions. Upon advice of her counsel Mrs. LeBlanc again was not allowed to give the information requested in a deposition taken of her testimony by defense counsel. Whereupon, Travelers sought to have her suit dismissed for violating the policy contract, filing an exception of no cause or right of action and alternatively, a motion for summary judgment, the same being denied by the trial judge. (Emphasis supplied.)
The court, in that case, held: The requirement of uninsured-motorist provisions of an automobile liability policy that the insured give full medical information concerning injuries suffered was a condition precedent to the right to recover, and the insured, who refused to disclose full medical information concerning injuries she sustained when her vehicle was struck from the rear by an uninsured motorist, was not entitled to recover from the insurer.
Thus, as pointed out in Miller v. Marcantel, supra, 221 So.2d 559, an insurer cannot defeat its liability under a policy because of the nonprejudicial failure of its insured to give immediate notice of an accident or claim as stipulated by a policy provision.
Our conclusion is that the motion for a summary judgment is without merit and must be overruled.
Hence, for the reasons assigned, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now ordered that the motion for a summary judgment be, and the same is hereby, overruled, and this cause is now remanded to the Honorable Fourth Judicial District Court in and for Ouachita Parish, Louisiana, for further proceedings consistent *463 with the views herein expressed and in accordance with law.
Defendant Allstate Insurance Company is assessed with the cost of this appeal; the assessment of all other costs is to await final judgment.
Reversed and remanded.