Cratsley, J.
The defendant and counterclaim plaintiff, David Kavanaugh (“Kavanaugh”), filed a Motion for Summaiy Judgment in the above action against Eastern Dentists Insurance Company (“EDI"), pursuant to Mass.R.Civ.P. 56. The defendant, Irod Lindsay, DDS (“Dr. Lindsay”), also filed a Motion for Summaiy Judgment, joining with his co-defendant, Kavanaugh.[1] EDI has filed a claim for a declaratory judgment against both defendants, pursuant to Mass.R.Civ.P. 57 and M.G.L.c. 231A, seeking a determination of the rights and responsibilities of the parties under a contract of insurance issued to Dr. Lindsay. EDI argues that it has no duty to defend or indemnify Dr. Lindsay for any claims because Dr. Lindsay violated a policy provision in his insurance contract with EDI and, thus, Dr. Lindsay’s insurance policy with EDI is void. In his Motion for Summaiy *236 Judgment, defendant Kavanaugh argues that there are no genuine issues of material fact and that he is entitled to summary judgment as a matter of law. He asserts (1) that the provisions in the policy relied on by EDI should be ruled void due to their overbreadth, (2) that the provisions in the policy relied on by EDI violate M.G.L.c. 93A, and (3) that the policy provisions relied on by EDI should be stricken from the insurance policy as a matter of public policy. In EDI’s Opposition, it argues (1) that summary judgment is not appropriate where it has established that Dr. Lindsay violated the policy provision and (2) that EDI was prejudiced as a result. EDI further asserts that the policy provisions relied on by EDI should not be stricken or reformed by the Court because they violate neither the express statutory language nor the spirit of M.G.L.c. 93A (the Massachusetts Consumer Protection Statute) and because there is no statutory or common law requiring that they be stricken as a matter of public policy. This Court has the authority, pursuant to Mass.RCiv.P. 56(c), to render summary judgment against the moving party; in this case, defendants Kavanaugh and Lindsay.[2] For the reasons which follow, the defendants Kavanaugh and Lindsay’s Motions for Summary Judgment are DENIED and Summary Judgment for the plaintiff, Eastern Dentist Insurance Company, is ALLOWED.
FACTUAL BACKGROUND
The undisputed facts, as indicated by the summary judgment record, are as follows.
Dr. Irod Lindsay has been in private practice as a general dentist since 1971. Plaintiff and Counterclaim Defendant Eastern Dentists Insurance Company’s Response to the Concise Statement of Undisputed Facts and Law in Support of Defendant and Counterclaim Plaintiff, David Kavanaugh’s Motion for Summary Judgment, 3 ¶2 (November 26, 2003) (“EDI’s Response”). EDI issued a professional liability insurance policy to Dr. Lindsay (insurance policy #0C98-00540-540), effective October 9, 1998 to October 9, 1999. Id. at 3 ¶3. Dr. Lindsay’s professional liability insurance policy with EDI (insurance policy #0C98-00540-540) included the following provision: “The insured shall not alter any medical records or commit any other act that would interfere with the company’s ability to defend a claim or suit against the insured. Alteration of medical records will make the policy void.” Concise Statement of Undisputed Facts and Law in Support of Defendant and Counterclaim Plaintiff, David Kavanaugh’s Motion for Summary Judgment 2 ¶4 (September 24, 2003) (“Kavanaugh’s Statement of Facts”); EDI Professional Liability Policy, 5 §6(e). EDI has stated that the purpose for the inclusion of this provision in their professional liability policy was that the “alteration of dental or medical records by a licensed professional often constitutes an attempt to avoid legal liability for an act of professional malpractice. Any such alteration of medical records substantially increases the likelihood of a verdict in favor of a patient and/or a verdict which is punitive in nature.” Kavanaugh’s Statement of Facts, 2 ¶5.
David Kavanaugh was a patient of Dr. Lindsay’s who received treatment for pain and swelling in his lower right jaw between November 6, 1998 and December 15, 1998. EDI’s Response at 3 ¶5. Dr. Lindsay created and maintained records relating to the treatment of David Kavanaugh during Kavanaugh’s course of treatment with Dr. Lindsay. Id. at 4 ¶6.
On or about October 19, 2001, David Kavanaugh filed a civil complaint in this Court against Dr. Irod Lindsay alleging medical malpractice (Count I), breach of contract (Count II), and violation of M.G.L.c. 93A (Count III). Kavanaugh’s Statement of Facts, 1 ¶1; Complaint, Kavanaugh v. Lindsay (October 19, 2001). In this malpractice action, Kavanaugh alleges that Dr. Lindsay, Kavanaugh’s treating dentist, breached his duty of reasonable care in the provision of dental services to Kavanaugh when he negligently failed to properly diagnose and treat Kavanaugh’s follicular ameloblastoma. Kavanaugh’s Statement of Facts, 1 ¶2; Complaint, Kavanaugh v. Lindsay.
On the basis of the summary judgment record, EDI has established that Dr. Lindsay made alterations to the dental records he prepared concerning his evaluation and treatment of Kavanaugh after Dr. Lindsay became aware that Kavanaugh intended to file a medical malpractice lawsuit against Dr. Lindsay. Kavanaugh’s Statement of Facts, 2 ¶3. In August 2002, Nancy McCann (“McCann”), a certified handwriting and document examiner, examined Kavanaugh’s dental chart in her office in Boston. EDI’s Response, 5 ¶16. All parties’ counsel were present for the inspection. Id. McCann used a stereoscopic microscope over a transmitted light, making use of various light sources and the infrared image conversion system (an instrument for viewing infrared absorption and luminescence in questioned documents), in order to produce a visible image which could be recorded photographically. Id. at 6 ¶18. The black and white photographs that were prepared under the supervision of McCann were then reviewed by Richard Nimberg, D.M.D. (“Dr. Nimberg”), an expert in the reading of dental records and the interpretation of standard dental record abbreviations. Id. at 6 ¶19. The photographs taken by McCann and evaluated by Dr. Nimberg establish that Dr. Lindsay made alterations to Kavanaugh’s medical records.[3] Id. at 6-9 ¶¶20-35.
On April 4, 2001, EDI filed a complaint for declaratory relief against Dr. Lindsay and Kavanaugh seeking a determination of the rights and responsibilities of the parties under a contract of insurance, the professional liability policy issued by EDI to Dr. Lindsay. Eastern Dentists Insurance Company’s Complaint for Declaratory Relief, 1-2 (April 4, 2001). On November 26, 2003, defendant and counterclaim plaintiff, Kavanaugh, filed a Motion for Summary *237 Judgment. Defendant Lindsay filed a Motion for Summary Judgment on November 26, joining with his co-defendant Kavanaugh. Plaintiff EDI filed an opposition to defendant Kavanaugh’s Motion for Summary Judgment and an opposition to defendant Lindsay’s Motion for Summary Judgment on November 26, 2003. The parties argued the Motions for Summary Judgment before this Court on July 14, 2004.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). Summary judgment, when appropriate, may be rendered against the moving party. Mass.R.Civ.P. 56(c).
“The interpretation of an insurance contract is a question of law for the court. Likewise, the application of policy language to known facts presents a question of law for the court.” Kelleher v. American Mutual Ins. Co. of Boston, 32 Mass.App.Ct. 501, 503 (1992).
Massachusetts courts have not considered an insurance policy provision similar to the one at issue. In cases where an insurance company seeks to disclaim coverage under an insurance contract, the Supreme Judicial Court has frequently held that an insured’s failure to discharge other responsibilities under his or her insurance policy would not constitute a breach of the insurance contract without proof of both breach and actual prejudice to the insurer’s interests resulting from the breach. See Lorenzo-Martinez v. Safety Insurance Company, 58 Mass.App.Ct. 359, 362-63 (2003) (citing Johnson Controls, Inc. v. Bows, 381 Mass. 278, 280-82 (failure to give notice of claim within time period required by policy)); MacInnis v. Aetna Life & Cas. Co., 403 Mass. 220, 223 (1988) (failure to obtain consent of insurer to insured’s settlement of her claim against tortfeasor)); Darcy v. Hartford Ins. Co., 407 Mass. 481, 490-91 (1990) (failure to cooperate with insurer in defense of underlying claim)).
EDI, in an effort to defeat the motions for summary judgment, cites cases where the Massachusetts Superior Court, the Supreme Judicial Court, and the Massachusetts Court of Appeals have held that an insurance company is not required to show actual prejudice to the insurer’s interests resulting from the breach. See Lorenzo-Martinez v. Safety Insurance Company, 58 Mass.App.Ct. 359, 362-63 (2003) (a willful, unexcused refusal to submit to an examination under oath, without proof of actual prejudice to the insurer’s interests resulting from the refusal, constitutes a material breach of the insurance contract discharging the insurer’s liability under the contract) (citing Ellis v. Safety Ins. Co., 41 Mass.App.Ct. 630, 638-39 (1996)); Mello v. Hingham Mut Fire Ins., 421 Mass. 333, 336-37 (1995). However, these cases are limited to situations where the insured breaches a condition precedent to recovery, namely submission to an examination under oath when one has been demanded by an insurer. See Barbosa v. Metropolitan Property and Casualty Insurance Company, 9 Mass. L. Rptr. 315, 1998 WL 845896 *2 (Mass. Super.).
Here, however, the condition at issue is not a condition precedent to recovery; rather, the condition in Dr. Lindsay’s policy with EDI is analogous to provisions dealing with notice, consent to settlement, or required cooperation. Therefore, this Court concludes that the applicable legal tests for determining whether Dr. Lindsay violated condition §6(e) of his professional liability insurance policy with EDI are (1) whether Dr. Lindsay, the insured, has breached the condition and (2) whether the breach has resulted in actual prejudice to the interests of EDI.
It is undisputed that Dr. Lindsay’s professional liability insurance policy with EDI (insurance policy #0C98-00540-540) includes the following provision, §6(e): “The insured shall not alter any medical records or commit any other act that would interfere with the company’s ability to defend a claim or suit against the insured. Alteration of medical records will make the policy void.”
In support of EDI’s claim that Dr. Lindsay breached policy provision §6(e), EDI tenders ample undisputed evidence that Dr. Lindsay altered his charts relating to his treatment of Kavanaugh.[4] The defendants, Kavanaugh and Dr. Lindsay, make no effort to factually refute that Dr. Lindsay altered the medical records; instead, they simply rest on their assertion that “EDI has not substantiated in any way its allegation that Dr. Lindsay altered his dental records pertaining to David Kavanaugh.”[5] In the final analysis, Kavanaugh and Dr. Lindsay themselves suggest that the issue of whether Dr. Lindsay altered his medical records is not in dispute because their motion papers argue that there are no genuine issues as to any material fact. They do this to support their claim that they are entitled to judgment as a matter of law. Therefore, since Kavanaugh and Dr. Lindsay have not adequately contested EDI’s contention that Dr. Lindsay has made alterations to his medical records, this Court finds that the factual record establishes that the medical records at issue were, in fact, altered by Dr. Lindsay.[6] Looking at the plain language of the professional liability insurance policy provision (§6(e)), this Court concludes that EDI has established that Dr. Lindsay breached the policy provision because the insured, Dr. Lindsay, altered his medical records.
In order to find that Dr. Lindsay has violated the policy provision at issue and allow EDI to disclaim coverage under the policy, EDI must also show that the breach has resulted in actual prejudice to the interests of EDI. Actual prejudice exists where the court determines that the insured’s breach of a policy *238 requirement frustrated the underlying purpose of that requirement. See Darcy v. Hartford Ins. Co., 407 Mass. 481, 488-90 (1990).
Here, EDI has stated that the purpose for the inclusion of this provision in their professional liability policy was that the “alteration of dental or medical records by a licensed professional often constitutes an attempt to avoid legal liability for an act of professional malpractice. Any such alteration of medical records substantially increases the likelihood of a verdict in favor of a patient and/or a verdict which is punitive in nature.” In this instance, EDI argues that Dr. Lindsay’s alteration of the records frustrates the underlying purposes of the condition because the alteration of medical records, subsequent to the commencement of a medical malpractice lawsuit, increases the likelihood of a jury verdict against Dr. Lindsay.
In Keene v. Brigham and Women’s Hospital, the Massachusetts Supreme Judicial Court discusses the importance of medical records in relation to medical malpractice claims and the “Legislature’s recognition that such records often will be germane to a wide variety of legal claims and proceedings.”[7] 439 Mass. 223, 235 (2003). In that case, Keene brought a medical malpractice action against Brigham and Women’s Hospital (“hospital”). Id. at 224. The hospital failed to produce all of Keene’s medical records, and Keene moved for a default sanction against the hospital. Id. The Supreme Judicial Court held that the Superior Court judge acted properly by imposing a default sanction against the hospital on the issue of liabiliiy under the doctrine of spoliation for failure to produce medical records. Id. at 237. Keene, therefore, suggests that a defendant’s failure to produce complete and accurate medical records increases the likelihood of a judgment against that defendant in a medical malpractice case.
Therefore, the alteration of the medical records by the insured, Dr. Lindsay, frustrates the purpose of the contract provision because evidence of the alterations substantially increases the likelihood of a jury verdict against Dr. Lindsay and in favor of the patient, Kavanaugh. This Court concludes that as a matter of law EDI’s interests have been prejudiced by Dr. Lindsay’s breach of the policy provision at issue. As there are no material factual disputes, EDI is entitled to judgment as a matter of law, having sufficiently established at this summary judgment stage that Dr. Lindsay breached the policy provision and that his breach prejudiced EDI’s interests. Therefore, this Court concludes that EDI has no duty to defend or indemnify Dr. Lindsay for any claims under policy #0C98-00540-540 because Dr. Lindsay violated a policy provision in his insurance contract with EDI and, thus, Dr. Lindsay’s insurance policy with EDI is void.
Kavanaugh argues, however, that the condition that EDI relies on is overbroad. Neither Kavanaugh nor Dr. Lindsay cites any case law to support this proposition. This Court concludes that the provision in EDI’s contract with Dr. Lindsay is adequately limited in scope because the policy is rendered void only upon a showing of both breach of the provision and prejudice to the interests of the insurer. This two-part analysis is consistent with other judicial determinations against the insured regarding similar policy[8] breaches, and it insures that such determinations are made on a case-by-case basis.
The defendants also argue that allowing EDI to avoid coverage under a liability policy would be detrimental to public policy. In support of his public policy argument, Kavanaugh does not cite any Massachusetts case law. Kavanaugh relies on Miller v. Marcantel, 221 So.2d 557 (1969), and Cooper v. Government Employees Insurance Co., 51 N.J. 86 (1968), to suggest that the operation of the policy provision at issue adversely affects members of the public. In Miller, the Court of Appeal of Louisiana reversed the trial court’s grant of summary judgment for the insurer, Employers Liability Assurance Corporation, Ltd., because the insurer did not establish that it had been prejudiced by the insured’s breach of a notice provision in its insurance contract. Miller, 221 So.2d at 559. The Miller court noted; “the function of the notice requirements is simply to prevent the insurer from being prejudiced, not to provide a technical escape-hatch by which to deny coverage in the absence of prejudice nor evade the fundamental protective purpose of the insurance contract to assure that the insured and the general public that liability claims will be paid up to the policy limits for which premiums were collected.” Id. This case is distinguishable from Miller because, here, EDI has established as a matter of law that its interests were prejudiced by Dr. Lindsay’s breach of the insurance policy provision.
In Cooper, the Supreme Court of New Jersey held that the insureds, Mr. and Mrs. Cooper, did not breach the notice provision in their insurance contract with Government Employees Insurance Company where the Coopers acted reasonably and in good faith in failing to timely report an auto accident to their insurer. Cooper, 51 N.J. at 94. The Cooper court commented that “it becomes unreasonable to read the [notice] provision unrealistically or to find that the carrier may forfeit coverage, even though there is no likelihood that it was prejudiced by the breach,” as to do so “would . . . disserve the public interest, for insurance is an instrument of social policy that the victims of negligence be compensated.” Id. Here, as previously stated, EDI has established through uncontroverted facts that Dr. Lindsay breached the insurance provision and that EDI was prejudiced as a result of the breach.
Kavanaugh also contends that the policy provision at issue violates M.G.L.c. 93A, the Massachusetts Consumer Protection Statute, and M.G.L.c. 176D, the *239 Massachusetts statute concerned with Unfair Methods of Competition and Unfair and Deceptive Acts and Practices in the Business of Insurance. This Court concludes that Kavanaugh is unable to substantiate these claims where it is clear that the insurer, EDI, has not unreasonably interpreted the otherwise valid terms of its professional liability insurance policy to deny coverage to Dr. Lindsay. This is particularly so where this Court has found, as a matter of law, that EDI is entitled to void Dr. Lindsay’s policy because Dr. Lindsay violated policy provision §6(e). .
CONCLUSION
Based on the foregoing legal conclusions, it is ORDERED that the defendants’ Motions for Summary Judgment are DENIED, and a Final Judgment shall issue stating that Summary Judgment for the plaintiff, Eastern Dentists Insurance Company, is ALLOWED. EDI’s counsel shall submit a proposed Final Judgment within 30 days.

In support of his Motion for Summary Judgment, Dr. Lindsay relies upon the submissions of Kavanaugh. Defendant, Irod Lindsay’s Motion for Summary Judgment, 1 (November 26, 2003).

“Because by definition the moving party is always asserting that the case contains no factual issues, the court should have the power, no matter who initiates the motion, to award judgment to the party legally entitled to prevail on the undisputed facts.” James w. Smith & Hiller B. Zobel, Rules Practice: Civil Rules 38-61 in Massachusetts Practice vol. 8, Reporters’ Notes to Rule 56, 343 (West 1975).

Dr. Lindsay suggests, in his October 5, 2001 deposition, that the erasures made to Kavanaugh’s records were related to a consultation with another, unidentified, patient. However, Kavanaugh and Dr. Lindsay offer no independent expert testimony to refute the findings of McCann and Dr. Nimberg that Dr. Lindsay altered his medical records and that there is no indication that the erased entries related to treatment required for another patient. See Aff. Nancy McCann, ¶12 (November 4, 2003): Aff. Richard B. Nimberg, DMD, ¶¶3, 25 (October 28, 2003).

See Plaintiff and Counterclaim Defendant Eastern Dentists Insurance Company’s Response to the Concise Statement of Undisputed Facts and Law in Support of Defendant and Counterclaim Plaintiff, David Kavanaugh’s Motion for Summary Judgment, 6-9 ¶¶20-35 (November 26, 2003).

Concise Statement of Undisputed Facts and Law in Support of Defendant and Counterclaim Plaintiff, David Kavanaugh’s Motion for Summary Judgment, 2 ¶3 (November 26, 2003).

In fact, Eastern Dentists Insurance Company’s Memorandum of Law in Support of Its Opposition to Defendant and Counterclaim Plaintiff, David Kavanaugh’s Motion for Summary Judgment, 14 (November 26, 2003), states: “it is undisputed that following notice of a potential malpractice claim regarding his treatment of Kavanaugh, Lindsay made erasures and alterations to his treatment records for Kavanaugh.”

In fact, the Massachusetts Legislature has imposed a statutory obligation requiring that hospitals keep records of the treatment of cases under their care and has established the right of patients to inspect and receive a copy of their medical records. See Keene v. Brigham and Women’s Hospital, 439 Mass. 223, 235 (2003): M.G.L.c. Ill, §§70, 70E.

Provisions dealing with notice, consent to settlement, and required cooperation all require that the insurer establish both (1) a breach of the policy provision and (2) that the breach resulted in actual prejudice to the insurer’s interest in order for a court to determine that the insured has violated the policy condition.