KENNON, Justice.
 

 On March 31, 1943, an automobile being backed out of his home garage by Carl E. Toler fatally injured plaintiffs’ minor son. Alleging negligence of the driver and that
 
 *22
 
 the defendant had issued a public liability policy covering the car, plaintiffs brought this suit directly against that company under Act 55 of 1930. After the district court and a majority of the Court of Appeal denied recovery on the ground that the company received no notice of the accident until eighty-two days after its occurrence, plaintiffs’ application for writs of review to this Court were granted.
 

 Mrs. Jackson is Toler’s niece. At the time of the accident she, her husband and little son lived in a house owned by Toler, a bachelor, furnishing him room and board, as rent. On the afternoon of the funeral, Mr. Jackson told Toler that he did not intend to sue. Later, Mrs. Jackson told Toler they did not expect to claim damages. Toler, under these circumstances, gave no notice to the company. In June, the Jack-sons informed Toler that they expected to press a claim for the death of their child. Toler then gave notice to his insurer and a few days later, plaintiffs’ attorneys made written demand upon that company. Further facts in the case and citation of Louisiana cases in point are in the opinion of the Court of Appeál reported in 23 So.2d 765.
 

 Here, we are concerned with the single proposition as to whether the insurance company is relieved from liability to the parents because of the delay of eighty-two days in its receipt of notice that the accident had occurred.
 

 The record supports the finding of the Court of Appeal that Toler was led to believe in March that no action would be taken by the plaintiff for the death of their son and that upon ascertaining in June that they had changed their minds, he gave notice and full information to his insurer and co-operated in the defense; that on June 25, plaintiffs themselves, through their attorneys, gave notice to the defendant; and that there was no fraud or collusion between the insured and the plaintiffs and the delay caused no substantial prejudice to the company.
 

 In -the case of Jones v. Shehee-Ford Wagon & Harness Co., Inc., et al., 183 La. 293, 163 So. 129, 131, this Court described as the main question in the case “ * * * whether the Shehee-Ford Company (the insured) breached the contract of insurance by failing to report the accident immediately * * finding as a fact that “ * * * As soon as the insured, in this case, was informed that the accident had caused a loss covered by the policy, the insured gave notice to the insurer * * ’* ” and concluded that, when the insured gives notice to the insurance company as soon as he has reason to believe that the accident has caused loss covered by the policy, there is a substantial compliance with the clause requiring immediate notice. In that case there was a lapse of some twenty-six days between the accident and the day the insured found out that a claim was being made and made the first report of the ac
 
 *24
 
 cident to the insurer. The Supreme Court in holding that this was a substantial compliance with the contract of insurance, stated: “Under policy contracts similar to the one before us, the law does not require the insured to give notice to the insurance company of an acóident unless the insured has reason to believe that the accident has caused or will cause loss covered by the policy. See Blashfield’s Cyclopedia of Automobile Law, vol. 3, p. 2663, and the decisions cited.”
 

 The above quoted decision recognizes the fact that the average citizen who purchases a public liability policy seldom, if ever, becomes familiar with its detailed provisions but simply puts it away against the day when a claim may be made against him. Toler’s action under the circumstances of the present case was not unusual or careless but rather what the average policyholder, inexperienced in law or claims, might have done in the same situation. There is no charge of fraud or collusion or showing of substantial prejudice to the insurance company by virtue of the delay in notice. Therefore, in view of the holding in the Shehee case, it would be just to hold that Toler’s delay was not such as to justify the release of the defendant from liability under its contract of insurance.
 

 The claim of the plaintiffs in this case is further strengthened by the fact that this is' a direct action by them, as injured parties, ttnder Act 55 of 1930. If the facts and circumstances were such as to make Toler’s delay in giving notice a violation of the policy provisions, the plaintiffs here would still be entitled to have the Court consider the question specifically not passed upon in the Shehee case as to “ * * * whether a breach of a contract of public liability insurance, by a failure of the insured to give the insurer immediate notice of an accident, should defeat the right of action of the injured person, as well as the right of action of the insured, under the provisions of Act No. 55 of 1930.” When the injured party is in good faith, the rights given him against the insurer by Act 55 oi 1930 are not, except in a very clear case, to be lost through the indifference or lack of diligence of the party who has already injured him. However, prompt notice often places the insurer in a better position to ascertain the facts relating to the accident, and if the delay is deliberate or notice is withheld with ulterior motive, then courts should not hesitate to divest the guilty party of the benefits of the policy protection.
 

 Each case involving delayed notices must stand upon its own facts and circumstances. The Court may consider in balancing the equities, not only the time intervening between the accident and the date of notice to the insured, and whether or not the claim is a direct one by the injured persons, under Act 55 of 1930, but also when the parties first discovered that substantial injury had been done or that
 
 *26
 
 a claim would be made; the time when the injured party discovered that insurance existed and knew the identity of the insurer; what prejudice to the insurance company’s defense has been caused by the delay; the good faith of the insured and injured party; and the existence of any special circumstances, especially those indicating fraud or collusion.
 

 Having found in the case before us that the insured Toler had reasonable grounds to believe that no claim would be made until the June demand was made upon him; that there was no substantial prejudice to defendants; and that no element of fraud, collusion, or bad faith existed, we conclude that plaintiffs’ right of action under the policy issued by the defendant has not been lost.
 

 For the reasons assigned, the judgment sustaining the special defense is hereby overruled and the case is remanded to the district court for trial upon the merits; costs of appeal and of writs to this Court to be paid by defendant; other costs to await final outcome of the litigation.