DORE, Judge.
This is the second occasion this case is-before this Court. On the first occasion, a judgment had been rendered in favor of Mr. and Mrs. Kinney E. Reid and against Frank Monticello and Car & General Insurance' Company, in solido, with no- disposition of the suit as -against the Hardware Indemnity Insurance Company of Minnesota, another defendant, although in-his written reasons for judgment, the trial-judge stated that this company should be- *510 released under its special defense of failure t5 give timely notice. Thereafter, the-trial judge, at the request of counsel for Hardware Indemnity Insurance Company, rendered a judgment, termed a supplemental judgment, in which he dismissed plaintiffs’ suit -as to it. Monticello and the .Car & General Insurance Company not only appealed, from the judgment in favor of the plaintiffs, but also appealed from the so-called supplemental judgment, relieving the Hardware Indemnity . Insurance Company of liability. Plain,tiffs answered the appeal, limiting their answer to.a demand for an increase .in the amount of the judgment to the sum originally prayed for. The Hardware Indemnity Insurance Company filed -a motion to dismiss the appeal as to it, based on the proposition that as between coappel-lees,, the judgment o,f the trial court could not be changed. We maintained the motion to dismiss the appeal in so far as Hardware Indemnity Insurance Company is concerned. We further affirmed the judgment of the lower court of the plaintiffs against Monticello and Car & General Insurance Company with the exception of slightly reducing the amounts thereof. For full particulars -régarding the pleádings, the facts found by us, and the opinion rendered, see 33 So.2d 760.
After rehearing was refused by 'this court, Monticello and Car & General Insurance Company applied to the Supreme Court for a writ of certiorari, which writ was granted, restricted however to a review of our ruling maintaining -the motion filed by the defendant Hardware Indemnity- Insurance Company. The Supreme Court reversed this court and overruled the motion of the Hardware Indemnity Insurance Company, maintained the appeal as to it, and remanded the case to us for a review of the lower court’s judgment, dismissing the suit as to this -company. See 215 La. 444, 40 So.2d 814.
The only question now presented is whether or not the trial court was correct in dismissing the suit as to the Hardware Indemnity Insurance -Company because of some seven months’ late notice of the accident. ....
The facts -pertaining to the question are: Frank Monticello, the main defendant, operated a super-market in,Lake Charles. Oji January. 22, 1946, Mrs. Kinney E. Reid, one of the plaintiffs, sustained an accident while shopping in the super-market of Monticello. Monticello had á public liability insurance policy with Car & General Insurance Company. He gave prompt notice to his insurer of the accident allegedly sustained by Mrs. Reid. Car' & General Insurance Company made a prompt and thorough investigation of the accident and denied liability to t-he plaintiffs. The plaintiffs then filed suit on June 5, 1946 against Monticello and his insurer, Car & General Insurance Company, for damages allegedly sustained by them as a result of the accident.
On August 27, 1946, some seven months after the accident, a field representative of Hardware Indemnity Insurance Company was in Monticello’s store, and Monticello, 'by way of -conversation, mentioned to said representative Mrs. Reid’s accident and that suit had been -filed against him, whereupon the representative informed Monticello that he, the representative, was sure that Monticello had an insurance policy with his company covering stich accident. Monticello was surprised to learn that he had two insurance policies covering such an accident. The representative then returned to his office in -Crowley, and after checking his records, notified Monticello that he had a liability policy covering such an accident and t-hen reported the accident to his company’s investigation department. Thereafter, an adjuster of the Hardware Indemnity Insurance Company contacted Mr. Monticello and informed him that the said Hardware Indemnity Insurance Company would proceed to investigate the accident -and defend the suit under reservation of all of its rights under the- policy due to failure of Mr. Monticello to give the company prompt notice. Subsequently, a non-waiver agreement was obtained from Mon-ti-cello by the company.
As soon as the Hardware Indemnity Insurance Company became interested in the case, Car &. General Insurance Company, *511 through its representative, made available to Hardware Indemnity Insurance Company, its entire file and explained to the representative of the Hardware Indemnity Company the nature of the claim and explained all of the facts developed as a result of the investigation.
It may be proper at this time to note that the investigator of Car & General did not, at first, take written statements from Mrs. Reid, Monticello or the other witnesses. However, on September 12, 1946, almost eight months after the occurrence of the accident, he did obtain written statements from Monticello and two of his employees. He was unable to obtain a statement from Mrs. Reid on account of her refusing to sign such a statement. He also failed to 'have Mrs. Reid examined by a physician until November, 1946.
The plaintiffs, upon being informed that Monticello had an insurance policy with the Hardware Indemnity Insurance Company covering such an accident as sustained by Mrs. Reid, by supplemental and amended petition filed on January 21, 1947, almost a year from the day of the accident and almost five months after the Hardware Indemnity Insurance Company had had notice of the said accident, made the Hardware Indemnity Insurance Company a party defendant to their suit.
The pertinent provisions of the policy of insurance in question are as follows: “Upon the occurrence of an accident written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and available witnesses.”
The law governing the rights of the injured party under a policy of this kind is Act No. 55 of 1930, § 2, amending Act No. 253-of 1918, which reads as follows: “Section 1. That * * *. Provided further-that the injured person or his or her heirs, at'their option, shall have a right of direct action against the insurer company within. the terms, and limits of the policy * * *, and . said, action 'may be brought either against the insurer company alone or against the assured and the insurer company, jointly and in solido.”
The question before us is: Is an insurer released from liability for damages arising from an accident involving’'its assured, by-reason of the insured’s delay of some seven months in giving notice of the accident to the insurer, within the terms and provisions of the policy of insurance requiring such notice “as soon as practicable”?
The jurisprudence of this state with reference 'to the effect of delayed notice in a case of this kind is- somewhat confusing. We have had the question presented to this court in two cases, namely: Duncan v. Pedare, 161 So. 221; Duncan v. Pedarre, 164 So. 498 and Jackson v. State Farm Mutual Automobile Ins. Co., 23 So.2d 765.
In the Pedare case, in our first decision, 161 So. 221, we held that a delay in the giving of notice of eight months and seven days did not preclude insurer’s liability to a guest where the guest gave notice of injury twenty-six days after he was aware of the extent of his injury and the assured gave insurer notice' two days thereafter. On rehearing, 164 So. 498, we reversed our former decree, by a divided court, and held that the notice, was not timely given, and principally for the reason that both Duncan and Pedare.knew that the accident had happened, Duncan exclaiming at the time of the accident, that his back was broken, and apparently Duncan was suffering seriously with the injury thus received. The writer of this opinion dissented principally for the reason that Pedare, the assured, was not fully informed of the fact that the accident had caused a loss covered by the policy and the extent of the injury; that as soon as he was informed of the extent of the injury and a claim for damages made upon him, Pedare gave notice to the insurer. It is to be noted, however, that our former decree in this case was reversed principally -because the majority of this court found that Pedare was not negligent, and on which finding the writer of this opinion also dissented. The Supreme Court did not grant a writ in the case evidently *512 on their 'finding' that a question of facts was presented, that is, the negligence of Pedare.
In the Jackson v. State Farm Mut. Automobile Ins. Co. case, 23 So.2d 765, we held, by a divided court, that a delay in the giving of notice of .eighty-two (82) days after the occurrence of the accident precluded recovery by the plaintiffs against the insurer of the assured. In that .case, we- reviewed all the cases bearing upon the question.
However, the Supreme Court-granted a writ of certiorari to review our holding, and the Supreme Court reversed this court and held that the delay of eighty-two (82) days in giving the notice of the accident by the assurer to the insurer did not relieve the insurer of liability to the party injured. See 211 La. 19, 29 So.2d 177. Incidentally, this seems to be the last case decided by the Supreme Court on the subject matter.
In the Jackson-State Farm case, 29 So.2d 177, 179, the Supreme Court has unequivocally handed down a rule for our future guidance in solving this question, viz.: “Each case involving delayed notices must stand upon its own facts and circumstances. The Court may consider in balancing the equities, not only the time intervening between the accident and the date of notice to the insured, and whether or not the claim, is a direct one by the injured persons, under Act 55 of 1930, but also when, the parties first discovered that substantial injury had been done or that a claim would be made'; the time when the injured party discovered that insurance existed and knew the identity of the insurer; what prejudice to the insurance company’s defense has been caused by the delay; the good faith of the insured and injured party; and the existence of any special circtvmstances, especially those indicating fraud or collusion (Italics ours.)
Considering this case in the light of this rule, with particular emphasis on the italicized portion of this rule, we find that' the delay of seven months in the giving of notice of the accident by Monticello to the defendant Hardware Indemnity Insurance Company should not relieve the said insurer of liability to the plaintiffs and should be held in solido with Monticello and Car & General Insurance Company for the following reasons: Monticello did not realize that he had insurance with Hardware Indemnity Insurance Company at the time of the accident. He had coverage with Car & General Insurance Company to the amount of Five Thousand ($5,000.00) Dollars and Ten Thousand ($10,000.00) Dollars. Plaintiffs were claiming Ten Thousand, Seven Hundred Fifty ($10,750.00) Dollars and Fifteen Hundred ($1500.00) Dollars as damages. It was to his advantage to give notice to Hardware Indemnity Insurance Company had he known that he had coverage with them. He gave Hardware Indemnity Insurance Co. notice of the accident as soon as he knew that he had coverage with the company. He was in perfect good faith in his delay.
Furthermore, we cannot find wherein Hardware Indemnity Insurance Company was prejudiced in its defense. It is true that the suit 'had been filed against Monticello and Car & General Insurance Company. However, as soon as Monticello found out that he had coverage with Hardware Indemnity Insurance Company, he and Car & General Insurance Company cooperated in every way with Plardware Indemnity Insurance Company in the defense of the suit. Hardware Indemnity Insurance Company was given the full benefit; .of the investigation done by Car & General Insurance Company. The only complaint Which we can gather from the record and the brief of Hardware Indemnity Insurance Company is that the representative of Car & General Insurance Company failed to obtain written statements from Mrs. Reid, Monticello and his two employees. Upon being so informed, the representative obtained written statements from Mr. Monticello and his employees. Mrs. Reid refused to give a written statement. It is not shown that the Hardware Indemnity Insurance Company representative could have done any better. Furthermore, the Hardware Indemnity Insurance Company was not made a party to the suit until some five months after notice had been given to it. It had ample opportunity to make its own investigation and very probably did so. The case was well defended. *513 Suffice it to say, there was no substantial prejudice to Hardware Indemnity Insurance Company.
For these reasons, the supplemental judgment appealed from, dismissing Hardware Indemnity Insurance Company as a defendant, is reversed and set aside, and it is now ordered that our former decree be and the same is hereby amended by casting the defendant Hardware Indemnity Insurance Company of Minnesota in solido with the defendants Frank Monticello and Car & General Insurance Company, Ltd., and as thus amended, it is made the final judgment of this Court.
J. CLEVELAND FRUGE, J., sitting ad hoc.