REGAN, Judge.
Plaintiff, Malvina Plarper, instituted this suit against the defendant, the People’s Industrial Life Insurance Company of Louisiana, endeavoring to recover $400 on a life insurance policy, wherein she had been named beneficiary, and penalties for non-payment.
Defendant filed a plea of prescription and then answered denying indebtedness to the plaintiff, maintaining that plaintiff was negligent in not timely making demand. Alternatively, it averred that the only payment plaintiff was entitled to was the refund of the premiums paid.
From a judgment in favor of defendant maintaining the plea of prescription, plaintiff has prosecuted this appeal, requesting us to remand the case so as to permit plaintiff to file an amended petition and thereafter receive a trial on the merits.
The facts are not disputed. The insured, Irma Nero Davis, died on August 8, 1947. Defendant company had three policies on the insured, it paid the beneficiaries of two of them on August 22, 1947 and the third unpaid policy, in which plaintiff was the named beneficiary, forms the subj ect matter of this litigation.
The plaintiff, a sister of Irma Davis, testified the deceased’s husband had removed the above two policies from their [1] safety deposit box, but left therein the policy naming plaintiff beneficiary. It was not until the deceased’s succession was opened in March or April of 1956 that plaintiff became aware of the existence of the policy naming her beneficiary. She made demand on the company about three days after she had possession of the policy and was refused payment; however, suit thereon was not instituted until June 7, 1957.
Defendant maintains the plaintiff’s right of action had prescribed by virtue of Article 9 of the contract of insurance which reads:
“No suit shall be maintainable to enforce the performance of this Contract until thirty days after maturity or after filing in the Principal Office of the Company, of the above named proof of prior death, or unless such suit shall be commenced within one year next after such maturity or the death of the person insured under this Policy.”
Plaintiff in her petition alleged the policy had been misplaced. At the trial on the plea of prescription she testified she was unaware that she had been named beneficiary on her sister’s policy. Plaintiff sought permission to submit a supplemental petition setting forth more facts relative to her ignorance of the policy and to obtain a trial on the merits. The trial judge refused to grant permission to amend the petition and sustained the plea of prescription.
Defendant’s counsel conceded the facts as recited by plaintiff in her brief were correct; therefore, the only issue before this court is whether the plea of prescription was properly maintained by the trial judge.
 As a general rule, when the beneficiary of a life or accident insurance policy is ignorant of the existence thereof, failure to institute a suit within one year after the death of the insured, in conformity with the provisions of the policy, is obviously excused; however, plaintiff testified that she discovered the existence of the policy in March or April of 1956[2], and thereafter, through her attorney, negotiated for the payment thereof, which was refused, but neglected to institute suit thereon until June *669 7, 1957, which was more than a year after she discovered the existence of the policy in which she was named beneficiary. Therefore, we are of the opinion that the trial judge was correct in maintaining defendant’s plea of prescription and dismissing plaintiff’s suit.
For these reasons, the judgment appealed from is affirmed.

. Irma Davis and her husband.

. This testimony was admitted into the record without objection on the part of defendant’s counsel and, therefore, the original pleadings were broadened so as to have the same effect as would a supplemental and amended petition.