CULPEPPER, Judge.
This is a suit for death benefits under an accident indemnity policy issued by the defendant. Plaintiff is the beneficiary under the policy which insured the life of her husband, Anthony Suire, Sr. The district judge sustained defendant’s exception of no cause of action, based on provisions of the policy that proof of loss must be filed within ninety days after the date of the loss and that no legal action for benefits can be filed after the expiration of three' years after the time written proof of loss is required. Plaintiff appealed.
The issue is whether plaintiff’s suit is barred as untimely filed under the following policy provisions:
“(7) Proofs of Loss: Written proof of loss must be furnished to the 'Company at its said office in case of claim for loss for which this policy provides any periodic payment “contingent upon continuing loss within ninety days after the termination of the period for which the Company is liable, and in case of claim for any other loss within ninety days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity, later than one year from the time proof is
* * * * * *
“(11) Legal Actions: No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirement of this policy. No such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished.” (Emphasis supplied)
Plaintiff’s petition alleges the policy and that the insured was accidentally killed on September 6, 1962. Paragraph 5 alleges:
“Subsequently the death of Anthony Suire, Sr., your petitioner, who was ignorant of the existence of said policy of insurance, discovered the existence of said policy during the year 1970 while searching through recently discovered papers of the deceased, Anthony Suire, Sr. Immediately upon discovery of said policy, your petitioner informed the defendant of the death of the insured, Anthony Suire, Sr. Your petitioner forwarded to the defendant a certified copy of the death certificate; in spite of notice of the claim, the defendant failed and refused to submit any claim forms to petitioner, advising that the' policy was no longer in effect.”
Even assuming; that by reason of plaintiff’s ignorance of the existence of the policy it was not “reasonably possible” to give notice of loss within ninety days, under Provision (7) quoted above, there is no allegation of plaintiff’s absence of legal capacity, and hence the proof of loss was required to be furnished not later than one year and ninety days after the death of the insured. Under Provision (11), legal action was required no later than three years after that, a total of four years and ninety days from the date of death. The present suit was not filed until May 18, 1972, which was almost ten years after the death of the insured.
In Hall v. Provident Life & Accident Insurance Company, 250 So.2d 435 (La.App.3rd Cir. 1971), we considered substantially identical policy provisions and held:
“A provision in an insurance policy fixing a definite delay within which suit thereon must be filed is binding on the parties, unless the provision is contrary to express law. Muse v. Heine, 189 So.2d 40 (La.App. 1 Cir. 1966); and Green v. Peoples Benev. Industrial Life Insurance Company of Louisiana, 5 So.2d 916 (La.App. 2 Cir. 1941). In the instant suit, the provisions of the policy limiting the time within which suit may be instituted are not contrary to any express *155 law of this state. That provision of the policy is binding on the parties, therefore, and will be enforced as written.”
Plaintiff contends she is excused from filing suit within the delay provided because she was ignorant of the existence of the policy until the year 1970. And on discovering it, she immediately gave notice of loss, and commenced legal action within two years. In support of this contention she cites first Konrad v. Union Casualty & Surety Company of St. Louis, Mo., 49 La.Ann. 636, 21 So. 721 (1897). The Konrad case is distinguished. It involved a policy requirement that “immediate” notice of death be given. The beneficiary did not give notice until about two months after the death. The court found that plaintiff acted with due diligence in reporting the claim and that the requirement of "immediate” notice was met. There was no express peremptory period within which legal action was required, as in the present case.
Plaintiff also cites Harper v. Peoples Life Insurance Company, 123 So.2d 667 (4th Cir. 1960), which involved a policy requirement that legal action be commenced within one year after the date of death of the insured. The insured died in 1947, but' the policy was not discovered by the beneficiary until March of 1956. Suit was filed in June of 1957. The court stated: “As a general rule, when the beneficiary of a life or accident insurance policy is ignorant of the existence thereof, failure to institute a suit within one year after the death of the insured, in conformity. with the provisions of the policy, is obviously excused;”. Nevertheless, in Harper the court held that since the plaintiff had waited for more than a year after she discovered the policy before filing suit, the action was proscribed.
We find no case from our Supreme Court, nor any case except Harper from our Courts of Appeal, which has considered the beneficiary’s ignorance of the existence of a life or accident policy as excusing failure to furnish proof of loss or 'bring legal action within the time limited by the policy. But the annotation in 28 A.L.R.3d 292 states the general rule in other states:
“Although both the notice .and proof of loss requirements, and also the reasoning of the courts, have varied to some extent from case to case, the decisions have generally been in favor of the beneficiary, with the courts taking the view that enforcement of the insurance contract is not necessarily precluded by a delay on the part of the beneficiary, due to his or her ignorance of the policy’s existence, in complying with the notice or proof of loss requirements, at least where the beneficiary was not negligent or at fault in not knowing or not having sooner learned of the existence of the policy, and perhaps also where the insurance company was not unduly prejudiced because of the delay; and the courts have further held that in such a case there is sufficient compliance with the policy provisions if notice and proof of death are made promptly, or within ‘a reasonable time,’ or the like, after the happening of the event insured against, having in view all the facts and circumstances of the case, the beneficiary’s ignorance of the existence of the policy being one of those circumstances.”
A similar rule in our civil law is contra non valentem agere non currit praescriptio, which means that prescription does not run against a person who is unable to bring an action to interrupt it. The comment in 12 Tul.L.Rev. 244 traces the history of this equitable doctrine and discusses the extent of its application in Louisiana. Although at one time our Supreme Court repudiated the rule, Smith v. Stewart, 21 La.Ann. 67 (1869), it is recognized in later decisions. In Reynolds v. Batson, 11 La.Ann. 729 (1856), our Supreme Court stated the situations in which the principle is applied to prescriptions Liberandi causa: (1) where there was some legal cause which prevented the *156 courts or their officers from taking cognizance of or acting on the plaintiffs action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; and (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action.
Our courts have refused to apply the doctrine of contra non where mere ignorance of his cause of action is the reason for plaintiff’s failure to file suit, Aegis Insurance Company v. Delta Fire & Casualty Company, 99 So.2d 767 (La.App. 1st Cir. 1957) and the authorities cited therein. See also R. J. Reynolds Tobacco Company v. Hudson, 314 F.2d 776 (La.1963).
We agree with the author of the comment in 12 Tul.L.Rev. 244 that our courts have wisely refused to apply the doctrine of contra non in situations of mere ignorance on the part of the plaintiff. The rationale is that prescriptive periods established by statute usually allow ample time for a reasonably diligent creditor to obtain knowledge of his right of action and prosecute it. And the social benefits of the laws of prescription require that exceptions to these laws should be strictly construed.
Although the present case involves a conventional rather than a statutory provision limiting the time within which suit can be filed, we think consistency requires that the rationale adopted by our courts in applying the doctrine of contra non should also be applied here. The policy provisions in the present case allowed the beneficiary four years and nine months within which to obtain knowledge of her cause of action and prosecute it. This is ample time. We express no opinion as to other cases which might arise where the period of time provided by the policy for filing legal action is less. Nor are we called upon to decide whether factors other than mere ignorance would excuse compliance with the policy, since here plaintiff alleges only ignorance.
We recognize that our decision is in conflict with the above quoted statement from the Harper case, supra, that ignorance of the policy excuses proof of loss and legal action. But that statement is made without discussion or citation of authority. Of course, the decisions of other Courts of Appeal are persuasive but not controlling on this court.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.