290 So.2d 271 (1974)
Rita Dore SUIRE
v.
COMBINED INSURANCE COMPANY OF AMERICA.
No. 53941.
Supreme Court of Louisiana.
February 18, 1974.
Stephen A. Stefanski, Edwards, Stefanski & Barousse, Crowley, for plaintiff-applicant.
Paul J. Breaux, Allen & Gooch, Ltd., Lafayette, for defendant-respondent.
SANDERS, Chief Justice.
The plaintiff, a named beneficiary, brought this action for death benefits pursuant to the terms of an accident indemnity policy, discovered some eight years following her husband's death. The district court dismissed the action on an exception of no cause of action, because of plaintiff's failure to sue within the delay fixed by the policy. The Court of Appeal affirmed the judgment. 281 So.2d 153.
We granted certiorari, at 283 So.2d 495, to determine whether lack of knowledge of the existence of an insurance policy can excuse the failure of a beneficiary to sue within the policy time limits. We hold that it can.
The pertinent policy provisions are as follows:
"(7) Proofs of loss:
Written proof of loss must be furnished to the Company at its said office in case of claim for loss for which this policy provides any periodic payment contingent upon continuing loss within ninety days after the termination of the period for which the Company is liable, and in case of claim for any other loss within ninety days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as *272 soon as reasonably possible and in no event, except in the absence of legal capacity, later than one year from the time proof is otherwise required.
. . . . . .
"(11) Legal Actions:
No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirement of this policy. No such action shall be brought after the expiration of three years after the time `written proof of loss is required to be furnished." (Italics ours).
Under the foregoing provisions, the maximum delay for filing suit is four years and 90 days after the loss.
Here, Mr. Suire, the insured, lost his life in an accident on September 6, 1962. It was not until 1970, eight years later, that Mrs. Suire found the policy while searching through papers and records she had only then discovered.
The petition alleges that she gave immediate notice to the insurer, but the insurer refused to pay. She then filed suit on May 18, 1972. The institution of the suit, of course, was long after the time fixed in the insurance policy.
In the absence of a statutory prohibition, a clause in an insurance policy fixing a reasonable time to institute suit is valid. Tracy v. Queen City Fire Ins. Co., 132 La. 610, 61 So. 687 (1913); Muse v. Heine, La.App., 189 So.2d 40 (1966), cert. den., 249 La. 734, 190 So.2d 241 (1966); 44 Am.Jur.2d, Insurance, § 1906, p. 842; 46 C.J.S. Insurance § 1256, p. 271. Such a time limitation will be enforced against a beneficiary, unless there is a legal basis for excusing compliance.
The general rule is that the beneficiary's failure to file suit within the time limit because of ignorance of the existence of the insurance policy does not defeat recovery, when non-discovery of the policy was due to no fault of the beneficiary. Harper v. People's Industrial Life Insurance Co., La. App., 123 So.2d 667 (1960); McElroy v. John Hancock Mut. Life Ins. Co., 88 Md. 137, 41 A. 112 (1898); 44 Am.Jur.2d, Insurance, § 1915, p. 853; Annot., 28 A.L.R. 3d 292 (1969). See also 44 Am.Jur.2d, Insurance, § 1471, pp. 339-340.
The general rule is correctly stated in 44 Am.Jur.2d, Insurance, § 1915, p. 853 as follows:
". . . [A] limitation provision does not defeat the claim of the beneficiary where he does not know of the existence of the policy . . . until more than the time specified has elapsed, and where he notifies the company at once after acquiring such knowledge. But while a want of knowledge of the existence of a life or accident insurance policy may excuse the beneficiary from strict compliance with its provisions as to the time for the bringing of an action, the lack of knowledge must be without negligence or fault of the party seeking to be excused."
The Fourth Circuit Court of Appeal recognized the existence of this rule in Harper v. People's Industrial Life Insurance Co., supra, when the court noted:
"As a general rule, when the beneficiary of a life or accident insurance policy is ignorant of the existence thereof, failure to institute a suit within one year after the death of the insured, in conformity with the provisions of the policy, is obviously excused; . . ."
In at least two decisions, relating to delays in giving notice of loss to insurers, this Court has recognized the merit of the general rule. In Jackson v. State Farm Mut. Automobile Ins. Co., 211 La. 19, 29 So.2d 177 (1946), we held:
"Each case involving delayed notices must stand upon its own facts and circumstances. The Court may consider in balancing the equities, not only the time intervening between the accident and the *273 date of notice to the insured, and whether or not the claim is a direct one by the injured persons, under Act 55 of 1930, [LSA-R.S. 22:655] but also when the parties first discovered that substantial injury had been done or that a claim would be made; the time when the injured party discovered that insurance existed and knew the identity of the insurer; what prejudice to the insurance company's defense has been caused by the delay; the good faith of the insured and injured party; and the existence of any special circumstances, especially those indicating fraud or collusion." (Italics ours).
In an earlier decision, Konrad v. Union Casualty & Surety Co., 49 La.Ann. 636, 21 So. 721 (1897), this Court held that under a policy requiring immediate notice of loss, the notice was timely when given after the plaintiff gained knowledge of the policy.
The Court stated:
"To decide that one was not duly diligent, and that she lost her right as a beneficiary because she did not give notice of a policy of which she knew nothing, would be more strict and exigent than, in our opinion, the language of the policy required. There was timely notice given after the fact of insurance came to the knowledge of the plaintiff."
Insofar as the allegations of the petition disclose, plaintiff is a good faith claimant, who through no fault of her own discovered the existence of the policy after the policy time limit had expired. The circumstances surrounding the discovery of the policy are matters of proof at the trial.
If the failure to timely discover the insurance policy was due to no fault of plaintiff, it would work an injustice to deny recovery because of the delay in filing suit. She had no knowledge of the existence of a right to benefits until she became aware of the existence of the policy. We conclude that she has alleged a cause of action.
For the reasons assigned, the judgment of the Court of Appeal is reversed, the peremptory exception is overruled, and the case is remanded to the district court for further proceedings according to law and consistent with the views herein expressed. All costs in the appellate courts are assessed against the defendant, Combined Insurance Company of America. All other costs shall await the final disposition of the suit.
DIXON, J., concurs.