COLE, Judge.
This case involves a judgment of dismissal based on the peremptory exception raising the objection of prescription. Because we agree with the trial court’s determination that the claim has prescribed, we affirm.
The record, which consists of the pleadings, a transcript of the attorneys’ argument at the hearing, and a deposition of Mr. A. J. Sartain, reflects the following *573 facts. Plaintiff, Frances Joe Merten, was an employee of Dow Chemical Company. He and his wife, Anita Merten, were both insured under a group insurance policy provided to employees and their spouses. Mrs. Merten died on October 18, 1974. Mr. Mer-ten visited Mr. Sartain, Dow’s benefits administration manager, and informed him of Mrs. Merten’s death. He gave Mr. Sartain her death certificate and other pertinent information and stated his desire to file an insurance claim as her beneficiary. Mr. Sartain informed Mr. Merten no benefits would be available unless his wife’s death was “accidental” under the terms of the policy. Sartain testified he could not recall ever having sent the claim to Dow’s main office in Midland, Michigan.[1] He took no further steps regarding the claim, apparently because he felt the death was not “accidental.” He put the information into a file but has since misplaced the file.
Plaintiff’s attorney submitted a claim for the death benefits on November 20, 1979 and after months of correspondence on the matter filed suit on August 21, 1980. The defendant, American Home Assurance Company, filed the peremptory exception urging the objection of prescription, and after a hearing on the matter the trial court sustained the objection and dismissed the suit.
Mr. Sartain testified Dow customarily mails a “certification of insurance” to all employees shortly after enrollment in the insurance program. This certificate gives a brief explanation of the conditions of the policy and specifically states all suits must be filed within three years after the time written proof of loss is required to be furnished. (It also states written proof of loss must be furnished within 90 days of the loss.) He testified all employees are given a booklet explaining the insurance program when they report for their first day of work. We find this testimony sufficient to establish a presumption that Mr. Merten did receive the certificate and/or insurance booklet and therefore was aware of the time limitations of the policy. If he did not receive either of these items this fact should have been established at the hearing on the exception. Since Mr. Merten did not testify at the hearing there is no evidence he did not receive these items. Therefore we have no choice but to assume he was aware of the time limitation yet failed to take any action to prosecute his claim prior to the expiration of the three-year period.
We reject appellant’s argument that because there was no delivery of the policy to Dow’s Louisiana office nor to the individual employees, the failure to file suit timely should be excused. This argument was raised in King v. Pan American Life Insurance Company, 324 So.2d 535 (La.App. 1st Cir. 1975), writ refused 1976, and was rejected by this court. There we held that the testimony established the insurer’s customary practice was to deliver the policy to the group and the group was to deliver the certificates of insurance to the individual employees. The delivery of the certificates was deemed to be adequate notice of the contents (and time limitation) of the policy. In the present ease Mr. Sartain admitted his office did not have a copy of the master policy. However, it must be noted Dow’s main office is in Midland, Michigan and there is no evidence indicating the policy was not delivered to the main office. We find it sufficient that the evidence shows the usual procedure is to mail the certificate to the insured therefore informing him of the time limitation.
Appellant relies heavily on the case of Suire v. Combined Insurance Company of America, 290 So.2d 271, (La.1974). That case held that a beneficiary who did not know of the existence of an insurance policy until eight years after the death of the insured was not bound by the time limits of the policy. Appellant argues that the same rule should apply in the present case be *574 cause the beneficiary was not aware of the various terms of the policy because the policy had never been delivered. We have already stated the delivery of a certificate sufficiently informs one of the terms of the policy.[2] Since Mr. Merten is, under the facts of this case, presumed to know the policy existed and to know its basic terms, he can not contend he is in the same position as the beneficiary in the Suire case. Although it is unfortunate he may have received erroneous information from Mr. Sartain concerning the availability of benefits, it was his responsibility to timely pursue the matter further if he had any doubts about his right to recover.
For these reasons, we affirm the trial court’s dismissal of the suit. Appellant is to pay all costs.
AFFIRMED.

. Sartain testified the normal procedure was for the employee to provide him with the necessary information and to fill out a claim form. He would then forward the information to Dow’s main office in Midland, Michigan. The main office would then send the claim to the insurance company.

. We note that in this case Mr. and Mrs. Mer-ten were both insured under the policy and were each other’s beneficiaries.