SCHOTT, Judge.
This action by the beneficiary of a life insurance policy for the proceeds was filed over eighteen months after the insured’s death. Defendant filed an exception of prescription based on the policy’s prohibition against such action unless brought within one year and sixty days from the date of the insured’s death. From a judgment sustaining the exception and dismissing her suit, plaintiff-beneficiary has appealed. The issue is whether the time-limit-stipulation is enforceable where there is no showing by defendant that there was consent to the stipulation on the part of the insured or the beneficiary.
According to her pleadings and brief, plaintiff, on August 18, 1980, purchased this $3,000 policy on her son, Walter Rose, Jr, and named herself beneficiary. At the time Rose was an inmate at a Missouri hospital for federal prisoners. The policy was issued on August 15 (three days prior to the application). According to her brief, because the policy’s beneficiary designation was erroneous (Eliza Ross being named instead of Eliza Davis), plaintiff requested defendant’s agent to change it and this was done on November 6, 1980. Eight days later Rose died of a heart attack while still in the Missouri hospital.
The case was submitted for adjudication of the exception on the pleadings, memo- *420 randa of counsel, written interrogatories and answers exchanged between the parties, and copies of the application, change of beneficiary form and policy. No testimony was taken although the parties were given an opportunity to present it. In her trial court memorandum plaintiff stated that she submitted the policy to defendant who retained it while denying payment and that after plaintiff obtained counsel and at his request defendant sent a copy of the policy on July 28, 1981.
Plaintiff argues that the ten year prescription of LSA-C.C. Art. 3544 applies to an action on an insurance policy unless there is a showing of consent by the insured to a shorter term of limitation. Thus, she contends that defendant failed to carry its burden of proof and the exception was erroneously sustained.
The first problem with plaintiffs position stems from the unusual circumstances of the case. The application and the beneficiary change form, both purport to be signed by Rose. Nonetheless, plaintiff alleged that she purchased the policy and changed the beneficiary. Thus, the contract of insurance was between her and defendant.
In Suire v. Combined Insurance Company of America, 290 So.2d 271 (La.1974) the court held that a clause in an insurance policy fixing a reasonable time to institute suit is valid and will be enforced against a beneficiary, unless there is a legal basis for excuse from compliance. The court found plaintiffs allegations — that through no fault of her own she discovered the existence of the policy after its time limit for filing suit had expired — to be sufficient to state a cause of action.
In the instant case a different result follows because plaintiff had the policy presumably from the time she had the beneficiary changed or from the date of Rose’s death or, at least, from the time she surrendered the policy requesting payment. She admits regaining possession of the policy on July 28, 1981, some five and one-half months before prescription would have run. Under these circumstances she failed to prove a legal basis for excuse from compliance with the policy’s limitation on the time for filing suit.
Accordingly, the judgment is affirmed.
AFFIRMED.