LWHIPPLE, Judge.
Defendant, the State Employees Group Benefits Program[1], appeals a judgment of the trial court, reversmg the prior final decision of the Claims Review Committee imposing a penalty reduction of benefits on Alfred A. Mansour for Ms failure to timely notify Group Benefits of his hospitalization. For the foregoing reasons, we affirm m part and reverse in part.

FACTS AND PROCEDURAL HISTORY

At 2:02 a.m. on Thursday, August 20, 1992, Alfred A. Mansour (Mansour) was admitted into Rapides General Hospital for emergency treatment of an acute myocardial infarction (a heart attack). Mansour was transferred to ICU and was subsequently discharged from the hospital on August 24, 1992.
Mansour was a “Covered Person” under the State Employees Group Benefits Program (Group Benefits). Article 3, Section III(E) of the Plan Document of Benefits, in effect at the time, provided as follows:
E. Expenses incurred on or after July 1,1988, for wMch benefits would otherwise be paid under tMs plan will be reduced as set forth m Subsection E hereof unless PAC [Pre-Admission Certification][2] is requested[:]
*1098 1. at least 14 days prior to the planned date of admission; or
2. in the case of an emergency admission, within 72 hours after the date of admission.
Additionally, Article 3, Section III(F) provided, in pertinent part, as follows:
F. Benefits otherwise payable under this plan will be reduced to 50 percent, subject to a maximum penalty of $2,000 per occurrence, for:
|31. hospital charges incurred during any confinement for which PAC is not performed.
It is undisputed that Mansour did not complete the PAC requirement until August 24, 1992, more than 72 hours after the date of his emergency admission into the hospital. It is also undisputed that the medical need for inpatient treatment was confirmed upon notification.
By letter dated September 30,1992, Mans-our received notification that his benefits had been reduced by 50% up to $4,000.00 of his eligible expenses. The letter informed Mansour that his benefits had been reduced because of (1) his failure to place a notification call to Group Benefits’ utilization review firm (HEC) or (2) lack of sufficient information to substantiate the length of the confinement, even though the notification call was made.
Mansour expressed Ms desire to appeal this action by letter dated November 4, 1992 to the Claims Review Committee.[3] In Ms letter, Mansour did not state the basis for Ms appeal.[4]
On April 12, 1993, Mansour was mailed a notice setting forth the date, time and location of his hearing before the Claims Review Committee. Mansour was also sent a copy of the January 1, 1988 Plan Document and was specifically referred to the rules and procedures of the Claims Review Committee.
On May 11, 1993, the Claims Review Committee upheld the decision to ^reduce Mans-our’s benefits in accordance with the Plan Document. In reaching its decision, the Claims Review Committee found that the utilization review was not conducted within seventy-two hours of admission. Mansour did not attend the hearing nor does the record indicate he submitted any evidence to the Claims Review Committee.[5]
The decision of the Claims Review Committee was sent to Mansour on June 3, 1993. Mansour was notified that he could institute a review of the decision by filing a petition m the district court within 30 days after the mailing of notice of the final decision or, if a rehearing was timely requested, withm 30 days after the decision on the rehearing was rendered.[6]
*1099 The administrative record does not contain a request for a rehearing by Mansour. However, contained in the administrative record is a letter, dated September 21, 1994, from Mansour’s attorney which confirmed that Mansour’s matter would be presented for consideration on rehearing.
|sThe administrative record also contains a letter from Mansour’s physician, Dr. Robert J. Freedman, Jr., which was sent to the attorney for Group Benefits on June 1,1994. In the letter, Dr. Freedman stated that (1) it was unwarranted and illogical to expect someone acutely ill to file paperwork and. incur penalties for failure to file paperwork, and (2) Mansour was at complete bed rest for the seventy-two hours post-admission, and paperwork and any other related potentially stressful activities were proscribed.
On November 10,1994, the Claims Review Committee met and voted unanimously to deny Mansour’s request for a rehearing.
On December 5, 1994, Mansour filed a “Petition for Damages,” [7] praying for judgment in the amount of $2,000.00, the amount that Mansour alleged was owed on covered claims which Group Benefits had refused to pay. Mansour also sought penalties of 100% of the amount owed and reasonable attorney’s fees. Group Benefits answered the petition, generally denying the allegations contained therein.
The district court subsequently reversed the penalty and ordered Group Benefits to pay Mansour $2,000.00, together with legal interest from the date of judicial demand, 100% penalties in the amount of $2,000.00, and attorney’s fees in the amount of $750.00. Group Benefits was also assessed all costs of the proceedings, in the amount of $257.29.
Group Benefits appeals, alleging that the district court erred in (1) reversing the decision of the Claims Review Committee in spite of clear and convincing evidence which supported the decision and (2) awarding penalties and | ¡¡attorney’s fees under LSA-R.S. 22:657.

DISCUSSION

Judicial review by the district court of an agency’s final decision or order pursuant to the Administrative Procedure Act is governed by LSA-R.S. 49:964. The district court has the authority to reverse or modify the decision if substantial rights of the party seeking review have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency’s statutory authority; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (6) manifestly erroneous in view of the reliable, probative and substantial evidence in the record. LSA-R.S. 49:964 G. Under the Administrative Procedure Act, a reviewing court is confined to the record established before the agency (except in cases of alleged irregularity in procedure before the agency). LSA-R.S. 49:964 F.
In reversing the decision of the Claims Review Committee, the district court found that the decision was based on “errors of law.” In its oral reasons for judgment, the district court stated that the seventy-two hour notice provision was not reasonable and should not be the public policy of the state because, under Louisiana law, the insurer cannot deny coverage merely because its insured failed to give notice of loss as soon as practicable. The district court cited Peavey Company v. M/V ANPA 971 F.2d 1168 (5th Cir.1992), and Sandefer Oil & Gas, Inc. v. AIG Oil Rig of Texas, Inc., 846 F.2d 319 (5th Cir.1988), in support of its decision.
Both of the cases cited by the district court dealt with the denial of claims made under liability insurance policies based on the insured’s failure to notify the insurance company of its loss. Both of the cases acknowledge that, under Louisiana Ulaw, the insurer cannot escape liability because of the insured’s failure to give notice of loss as soon as practicable. As evident in Sandefer, where the requirement of timely notice was not an express condition precedent, the insurer was *1100 required to demonstrate prejudice caused by the insured’s delay to avoid liability under the policy. See Sandefer Oil & Gas, Inc., 846 F.2d at 321; Peavey Company, 971 F.2d at 1173.
However, in Jackson v. State Farm Mut. Automobile Ins. Co., 211 La. 19, 29 So.2d 177, 179 (1946), even in light of policy language that no action would lie unless written notice was given as soon as practicable, the Louisiana Supreme Court held that coverage was not precluded, after considering numerous factors, including prejudice to the insurer by the delay, the good faith of the insured and the existence of any special circumstances. In Jackson, coverage applied even where the insured did not notify the insurer until 82 days after the subject accident. Jackson, 29 So.2d at 178; see also Suire v. Combined Insurance Company of America, 290 So.2d 271 (La.1974).
In the instant case, Mansour was admitted to the emergency room of Rapides General Hospital suffering from a heart attack at 2:02 in the morning. Moreover, Dr. Robert Freedman, Jr., the attending physician, stated that Mansour was required to remain at complete bed rest for the seventy-two hours post-admission and that paperwork and other related potentially stressful activities were proscribed.
After carefully considering the record, and the applicable jurisprudence, we likewise find no basis for Group Benefits’ imposition of penalty denial of benefits. To impose a penalty under the program’s rules for failure to initiate pre-certifieation/utilization review within a set time period, where, as here, the insured was unable to comply with the rule because of the very condition for which the Isinsured was covered, constitutes an arbitrary and capricious application of the rule and, as applied, would be contra bonos mores.
Using the case-by-case analysis set forth in Jackson, we conclude that there has been no showing of prejudice to Group Benefits inasmuch as the certification call was made approximately one day after the 72-hour deadline and Mansour’s hospital stay was approved for more days than he actually remained in the hospital. Thus, using the analysis set forth in Jackson, the reduction of Mansour’s benefits was not proper under the circumstances surrounding Mansour’s admission and stay in the hospital, and in the absence of any showing by Group Benefits that it was prejudiced by the short delay in obtaining certification under the particular circumstances presented herein.[8] Accordingly, the portion of the judgment of the trial court which reversed the Committee and awarded Mansour judgment for the $2,000.00 in benefits previously denied him by Group Benefits is affirmed.
However, the trial court’s award of penalties and attorney’s fees is reversed. Louisiana Revised Statute 22:657(A) provides, in pertinent part, as follows:
All claims arising under the terms of health and accident contracts issued in this state ... shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard, exist .... Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney’s fees to be determined by the court. (Emphasis added).
^Inasmuch as the Program had a reasonable basis, considering the initial “record” herein, to contest Mansour’s right to full benefits under the terms of the policy, this *1101 award was not warranted. See Wyvill v. State Employees Group Benefits Program, 558 So.2d 1274, 1279 (La.App. 1st Cir.), writs denied, 559 So.2d 1378, 1379 (La.1990).

CONCLUSION

The portion of the trial court’s judgment awarding Alfred A Mansour $2,000.00, for benefits previously denied him as a penalty assessed by the State Employees Group Benefits Program, is affirmed. The portion of the judgment assessing penalties and attorney’s fees against the State of Louisiana, through the State Employees Group Benefits Program is reversed. Costs of this appeal, in the amount of $344.62, are assessed equally between the parties, Alfred A. Mansour and the State of Louisiana, through the State Employees Group Benefits Program.
AFFIRMED IN PART; REVERSED IN PART.
PITCHER, J., dissents and assigns written reasons.
FITZSIMMONS, J., dissents for reasons assigned by PITCHER, J.

. The answer to the petition was filed on behalf of the Board of Trustees of the State Employees Group Benefits Program.

. Pre-Admission Certification refers to the process used to certify the medical necessity and length of hospital confinement as a registered bed patient. The Plan Document of Benefits states in Article 3, Section III(B) that PAC "should be requested by plan members or plan member's dependents through the treating physician for each inpatient hospital admission.”

. The Chairman of the Board of Trustees appoints a Claims Review Committee with the authority to hear and decide appeals or may appoint a Referee to take testimony in and hear appeals.

. According to the rules and procedures of the Claims Review Committee set forth in the Plan Document, an appeal must (a) be in writing; (b) be signed by the Appealing Party or Representative; (c) give the name and address of the Appealing Party or Representative, if any; (d) contain a clear and concise statement of the matter in dispute and the basis of the Appeal; and (e) include a copy of the applicable determination.

. The hearing transcript indicates a dialogue in which certain facts were discussed by those present, but does not indicate the basis for the discussion.

. A request for rehearing must be filed with the Director on or before 30 calendar days after the mailing of the appeal decision of the Committee. The request is deemed filed on the date it is received in the office of the Director. The Director is also required to cause the date of filing to be noted on each request for rehearing.
Additionally, an Appealing Party aggrieved by an appeal decision of the Committee may request a rehearing only on the grounds that;
1. The decision is clearly contrary to the law and the evidence;
2. The Appealing Party has discovered, since the hearing, evidence important to the issues which could not have, with due diligence, been obtained before or during the hearing;
3. There is a showing that issues not previously considered ought to be examined in order to properly dispose of the matter; or
4. There is other good ground for further consideration of the issues and the evidence.
The request for rehearing must (a) be in writing; (b) be signed by the Appealing Party or Representative; (c) set forth the grounds which justify rehearing; and (d) contain a clear and concise statement of the reasons in support thereof.

. Although the petition is styled as an action for damages, it was treated by the district court as a request for judicial review of the decision of the Claims Review Committee.

. We note that the United States Fifth Circuit Court of Appeals has held that where prompt notice of a covered occurrence is a "condition precedent” to recovery under an insurance policy, and the insured fails to give such notice, the claim is no longer covered by the policy, regardless of whether the insurer can demonstrate prejudice. Joslyn Manufacturing Company v. Liberty Mutual Insurance Company, 30 F.3d 630, 633 (5th Cir.1994), cert. denied, 513 U.S. 1127, 115 S.Ct. 935, 130 L.Ed.2d 881 (1995). However, as Joslyn indicates, the rationale therein was framed in the context of sophisticated business entities and the need for notice to adequately defend in claims against the insured, which is not the issue presented herein.