| iPITCHER, Judge,
dissenting.
I respectfully dissent.
The majority applies the case-by-case analysis set forth in Jackson v. State Farm Mut. Automobile Ins. Co., 211 La. 19, 29 So.2d 177 (1946) and concludes that there has been no showing of prejudice to Group Benefits. However, Jackson v. State Farm Mut. Automobile Ins. Co. dealt with the denial of a claim made under a liability insurance policy based on the delay in notice to the insurance company of the accident. In fact, the case-by-case analysis set forth by the court is clearly geared toward such cases:
Each ease involving delayed notices must stand upon its own facts and circumstances. The Court may consider in balancing the equities, not only the time intervening between the accident and the date of notice to the insured, and whether or not the claim is a direct one by the injured persons, under Act 55 of 1930, but also when the parties first discovered that substantial injury had been done or that a claim would be made; the time when the injured party discovered that insurance existed and knew the identity of the insurer; what prejudice to the insurance company’s defense has been caused by the delay; the good faith of the insured and injured party; and the existence of any special circumstances, especially fraud or collusion.
Jackson v. State Farm Automobile Ins. Co., 211 La. at 24-25, 29 So.2d at 179.
Additionally, where prompt noticé of a covered occurrence is a “condition precedent” to recovery under an insurance policy, and the insured fails to give such notice, the claim is no longer covered by the policy, regardless of whether the insurer can demonstrate prejudice. Joslyn Manufacturing Company v. Liberty Mutual Insurance Company, 30 F.3d 630, 633.
|2The case before us does not involve the complete denial of recovery under an insurance policy, but rather the reduction of medical benefits payable under an employee program. The Plan Document of Benefits expressly provides that benefits will be reduced if the Pre-Admission Certification is not done within seventy-two hours after an emergency admission. Because Mansour did not give notice, as required by the Plan Document of Benefits, the reduction of benefits by the Program was appropriate.