324 So.2d 535 (1975)
Lynn M. KING
v.
PAN AMERICAN LIFE INSURANCE COMPANY et al.
No. 10486.
Court of Appeal of Louisiana, First Circuit.
November 24, 1975.
Rehearing Denied January 12, 1976.
Writ Refused March 5, 1976.
James C. Dixon, Baton Rouge, for appellant.
Donald T. W. Phelps, Baton Rouge, William F. Dodd, New Orleans, for appellees.
*536 Before ELLIS, BLANCHE and LOTTINGER, JJ.
LOTTINGER, Judge.
This case involves a group health and accident policy issued by Pan American Life Insurance Company to Asbestos Workers Local 53 Welfare Fund, which policy covers the plaintiff-appellant, Lynn M. King, as a member of the group. Appellant sued Pan American and Asbestos Workers alleging the latter to be an agent of Pan American on the insurance policy, and in the alternative alleging that Asbestos Workers was liable on a negligence theory for failing to provide the appropriate information concerning the insurance policy so that appellant might have timely protected the rights he had in the policy. Pan American filed an exception of prescription which the Lower Court sustained, and Asbestos Workers filed an exception of improper venue stating that it is domiciled in the Parish of Jefferson, which exception the Lower Court sustained and transferred the action against Asbestos Workers to Jefferson Parish. Plaintiff has appealed from these adverse rulings on exceptions filed by the two defendants.
On September 2, 1971, appellant was a certificate holder under a group policy issued by Pan American to Asbestos Workers. Appellant was injured on that date and his claim is that on October 21, 1971, certain dental injuries manifested themselves following an examination by a dentist, Dr. D. S. Danburg.
On November 4, 1971, appellant notified Pan American of this claim by claim form and an attached itemized list of the dental work Dr. Danburg believed to be necessary on plaintiff. Because of notation on the claim form that this was a work-connected accident Pan American wrote a letter to a union representative of Asbestos Workers dated November 8, 1971, to verify this aspect of the claim since work connected injuries were not covered by the policy in question. When no reply was received, another letter dated December 22, 1971, was written by Pan American to Asbestos Workers and on January 4, 1972, a representative of Asbestos Workers called Pan American to advise that it was a nonoccupational injury. On January 6, 1972, Pan American wrote Dr. Danburg to determine what services had been rendered between September 2 and December 2 because, by Pan American's interpretation of the policy, it was only liable to pay for medical services rendered within ninety days of the injury. As it turned out, the only services rendered during this period amounted to $25.00 as set forth in Dr. Danburg's letter to Pan American dated January 11, 1972. Then on January 18, 1972, Pan American wrote to Asbestos Workers advising that it was denying the claim because only $25.00 in services had been rendered during the ninety day period, which $25.00 would be applied to a $100.00 deductible. Appellant claims that throughout the above period of time he made repeated requests on Pan American for a copy of this insurance policy but failed to get a copy of same. No other activity occurred until May of 1974 when counsel for appellant requested a copy of the master policy and was supplied with same. On October 9, 1974, suit was filed.
We will first deal with the exception of prescription filed by Pan American. Appellant contends that the Lower Court erred in determining the period of time in which he had to file suit. The policy itself provides as follows:
"Proof of such injury or sickness must be furnished to the Company at its Home Office not later than ninety (90) days after the termination of the period for which benefits are payable hereunder.
. . . . .
"Failure to furnish notice or proof within the time provided herein shall not invalidate any claim if it shall be shown that it was not reasonably possible to give such notice or proof within such *537 time and that such notice or proof was given as soon as was reasonably possible.
. . . . . .
"No action at law or in equity shall be brought to recover on the Policy prior to the expiration of sixty (60) days after proof of claim has been filed in accordance with requirements of the Policy nor shall such action be brought at all unless brought within two (2) years from the expiration of the time within which proof of claim is required by the Policy."
Appellant argues that the provisions of this policy are contrary to the law of this state as provided in R.S. 22:213A(5) which provides as follows:
"A. Required provisionsEach such policy shall contain in substance the following provisions or, at the option of the insurer, provisions which in the opinion of the commissioner of insurance are not less favorable to the policyholder; provided that, except as permitted by R.S. 22:211, Sub-section C, no time limitation with respect to the filing of notice or proof of loss or within which suit may be brought upon the policy shall differ from the time limitations of the following provisions: . . . .
"(5). Proofs of loss: Affirmative written proof of loss must be furnished to the insurer at its said office in case of claim for loss of time from disability within ninety days after the termination of the period for which the insurer is liable and in case of claim for any other loss within ninety days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event later than one year from the time proof is otherwise required. . . ." (emphasis added).
Appellant argues that since the insurance policy in question does not contain the above emphasized language, nor has defendant shown that it has procured an opinion from the commissioner of insurance that the deletion of the emphasized language is not less favorable to the policyholder, said language must be read into the policy in question. As an interpretation of R.S. 22:213A(5), appellant cites the Louisiana Supreme Court case of suire v. Combined Insurance Company of America, La., 290 So.2d 271 (1974) for the proposition that the emphasized language of R.S. 22:213A(5) means that a claimant has an additional year in which to file proof of claim, and thusly the time for filing suit is extended an additional year. suire involved a life insurance policy which was unknown to the beneficiary, and the Court held that the beneficiary could not possibly file proof of claim on a policy he did not know existed, thus extending the time for filing proof of clam one year under R.S. 22:213A(5), and thus extending the time for filing suit on the, insurance policy an additional year. So, according to appellant, by the Suire case the time for filing proof of claim is one year and ninety (90) days, and then, by the terms of the policy, the time for filing suit is two (2) years past that time. There is no validity to such an interpretation of the law in a case where there is no reason to prevent the claimant from filing proof of claim within the time provided. In the case before us proof of claim was filed within ninety days of the injury and of manifestation of injury, and even using the latter date, that is manifestation of injury as the beginning of the ninety day period to file proof of claim, the suit before us would prescribe in January of 1974 rather than January of 1975 as appellant believes to be correct.
*538 In the alternative, appellant believes that if suit was filed late, this late filing should be excused because Pan American did not deliver a copy of the policy to the appellant. R.S. 22:634(A) provides:
"Subject to the insurer's requirements as to payment of premium, every policy shall be delivered to the insured or to the person entitled thereto within a reasonable time after its issuance."
Pan American presented testimony that in the case of group policies it is customary to deliver the policy to the group along with certificates of the contents of the policy to be delivered by the group to each of its members eligible for coverage. Furthermore, there was testimony presented by a witness that such a certificate was mailed to appellant shortly after he became eligible for this coverage on April 1, 1966. Appellant's testimony was that he was never furnished with such a certificate. In light of testimony by witnesses we do not feel that the Lower Court erred in determining that the appellant did not prove that he did not receive a copy of the certificate of insurance.
Appellant also argues that even if the time for filing his suit is past, then he should be excused for his failure to file timely in that he was lulled into a feeling that his claim would be paid without the necessity of filing a lawsuit. Appellant testified that he called Pan American's office on more than one occasion within the first few months of his injury and was advised that a check in the full amount of his claim was awaiting the necessary signatures. Even if this is true, there is no merit to this argument inasmuch as Pan American denied the claim on January 18, 1972, giving appellant two years to file suit.
We now come to the question of the exception to venue filed by Asbestos Workers which was sustained by the Trial Court. Appellant's petition alleges that Asbestos Workers was bound jointly and in solido with Pan American because Asbestos Workers was acting as the agent for Pan American in collecting the premiums and in administering the policy. Appellant also argues that Asbestos Workers is also an insurer along with Pan American for the obligations contained in the policy. We note that Appellant's petition in the Trial Court does not contain such an allegation and there is nothing in the record indicating such to be the case. We are of the opinion that the venue as to Asbestos Workers is controlled by LSA-C.C.P. art. 73, which provides:
"An action against joint or solidary obligors may be brought in any parish of proper venue, under Article 42, as to any obligor who is made a defendant.
"If the action against this defendant is Compromised prior to judgment, or dismissed after a trial on the merits, the venue shall remain proper as to the other defendants, unless the joinder was made for the sole purpose of establishing venue as to the other defendants." (emphasis added)
It is quite clear from the language of the second paragraph of LSA-C.C.P. art. 73 that if the action is "compromised prior to judgment, or dismissed after a trial on the merits," then and only then will the venue remain as to the other defendant or defendants. However, this is not the case in this situation. The action was dismissed as against Pan American on an exception of prescription, and thus, the venue as to Asbestos Workers fell with the sustaining of the exception. DeBouchel v. Koss Const. Co., 180 La. 615, 157 So. 270 (1934).
For the above and foregoing reasons, the judgment of the Trial Court on the exception of prescription and exception of improper venue is affirmed, all costs to be paid by plaintiff-appellant.
Affirmed.