**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 22 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLIAM A. REINER, a Wyoming
resident,

        Plaintiff-Appellant,

v.

THE UNITED STATES LIFE
INSURANCE COMPANY IN THE
CITY OF NEW YORK, a New York
corporation,

        Defendant-Appellee.

No. 02-8045
(D.C. No. 01-CV-138-D)
(D. Wyo.)

---

**ORDER AND JUDGMENT**

---

Before **TACHA**, Chief Judge, **HARTZ**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument. This order and judgment is not binding

precedent, except under the doctrines of law of the case, res judicata, and

collateral estoppel. The court generally disfavors the citation of orders and

judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this civil action for monetary relief, Plaintiff William A. Reiner contends that defendant United States Life Insurance Company (USLIC) breached its group disability policy by failing to pay him a lump sum total disability benefit. Reiner also alleges that USLIC denied his claim for benefits in bad faith and that he is entitled to reasonable attorney fees.

USLIC moved for summary judgment on Reiner's claims, arguing that its denial of benefits had been proper under the terms of the policy. It contended that Reiner had not been eligible to participate in the group insurance policy because he was not "actively at work" on "a full-time" basis, as those terms are defined in the policy. Reiner in turn moved for partial summary judgment on several grounds, including that USLIC was estopped from asserting this coverage condition against him. The district court granted USLIC's motion for summary judgment and denied Reiner's motion. We affirm.

FACTS

In 1971 Reiner, a self-employed court reporter, obtained group disability insurance made available to members of the National Court Reporters Association (NCRA). During the twenty-eight year period Reiner paid premiums for disability insurance through NCRA, the group was insured by a number of different

-2-

carriers.  Effective August 1, 1998, USLIC replaced Allianz Life and issued

NCRA a new group disability policy.

USLIC's policy contains the following provisions relevant to this appeal:

**ELIGIBILITY**

**ELIGIBLE CLASSES**

All persons who:

• are members in good standing with the National Court Reporters
Association;
• are actively at work on a full-time basis; and
• were insured under the prior plan [defined elsewhere in the policy]
on July 31, 1998.

. . . .

**DATE INSURANCE ENDS**

A person's insurance will end at the earliest of:

. . . .

3.  the date the person ceases full-time employment for reasons other
than total disability.

Jt. App., Vol. I at 112.

**DEFINITIONS**

ACTIVE WORK or ACTIVELY AT WORK means that a person
performs, in his customary manner, each duty of his occupation for
full pay.  This must be done at the person's customary place of
employment or business or any place to which such employment or
business requires the person to travel.

> FULL-TIME means active work on a regular work schedule that must be at least 30 hours a week.

*Id*. at 111.

USLIC also issued a certificate of insurance in connection with the policy. It contains the above definitions and the above-quoted provision regarding when insurance ends, but it does not include the provision denominated "Eligible Classes." *Id.* at 130.

Reiner did not receive a copy of this certificate of insurance until November 1999, after his claimed onset of disability. *Id.*, Vol. II at 487. An insurance certificate issued in 1991 by Allianz Life, however, contains substantially similar provisions conditioning coverage on the insured's continuing to work thirty hours per week at his customary place of employment or at a location where he is required to travel. *Id.*, Vol. I at 21-22. Reiner acknowledges receiving a copy of this certificate at some time prior to 1994, and an addendum to the certificate in 1994. *Id.* Vol. I at 277; Vol. II at 487.

USLIC's policy provides for two forms of disability benefit. First, if the insured becomes totally disabled, he is entitled to a long-term disability benefit of $150 per month for a period of twelve months. Second, if after payment of such benefits for twelve consecutive months, the insured is suffering a disability involving the loss of sight, speech, hearing, or use of hands, the insured is entitled to an additional benefit.

After injuring his hand, Mr. Reiner made a claim for benefits. He was quickly approved for the $150 per month disability payments. But after he made a further claim for the $50,000 permanent disability benefit for loss of use of his hand, USLIC required him to undergo an independent medical examination. Based on his comments to the physician and other information that he submitted, USLIC determined that he had not met the thirty-hour-per-week requirement for full-time employment during the time the policy was in effect, and was therefore not entitled to the additional disability benefit. This action followed.

ANALYSIS

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. We review a grant of summary judgment *de novo*, applying the same standard as the district court. We examine the record to determine whether any genuine issue of material fact was in dispute; if not, we determine whether the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion. However, where the non moving party will bear the burden of proof at trial on a dispositive issue that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment.

*Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (internal quotation marks omitted).

Reiner devoted considerable energy in the district court to the question of whether he met the policy condition of working at least thirty hours per week. Although he mentions the controversy over this issue in the statement of facts in his appellate brief, he does not renew his arguments concerning whether he meets the policy condition. Instead, he focuses on whether USLIC was estopped from asserting the policy condition by its failure to provide statutorily required notice of the policy terms. Reiner essentially makes two claims in support of his estoppel theory: (1) he was entitled to, but did not receive, a copy of the policy; and (2) he was entitled to, but did not receive, a summary certificate of coverage.

Reiner bases his arguments on provisions of the Alabama Insurance Code. (The terms of the policy provide that it is governed by the law of Alabama.) "[T]he general rule in Alabama is that coverage under an insurance policy cannot be enlarged by waiver or estoppel." *Brown Mach. Works & Supply Co. v. Ins. Co. of N. Am.*, 659 So. 2d 51, 53 (Ala. 1995) (internal quotation marks omitted). Alabama law does, however, provide for estoppel when an insurer has failed to provide a policy or certificate to the person entitled thereto, to his prejudice.

1. **Delivery of policy to Reiner**

The Alabama Insurance Code provides that "every policy [of insurance] shall be mailed or delivered to the insured or to the person entitled thereto within a reasonable period of time after its issuance." Ala. Code § 27-14-19(a).

"[W]hen an insurer has not complied with § 27-14-19 and its failure to comply has prejudiced the insured, the insurer may be estopped from asserting an otherwise valid coverage exclusion." *Brown Mach. Works*, 659 So. 2d at 58. Reiner contends that USLIC's failure to provide him with a copy of the policy estops it from enforcing its full-time-work condition. We disagree, for two reasons.

First, the Alabama Supreme Court has indicated that a beneficiary of a group disability insurance policy, such as Reiner, is not an "insured" or "person entitled" to a copy of the policy within the meaning of the statute. Although *Brown Machine Works* did not involve a group disability policy, the court, in determining whether the plaintiff was an insured or person entitled to the policy, found it "instructive to employ a hypothetical spectrum of possible insureds or of persons to whom benefits may possibly be owed under an insurance policy." 659 So. 2d at 60.

> On one end of the spectrum are the purchaser of the policy and the named insured, both of whom we have concluded are definitely included in the phrase "the insured or . . . the person entitled thereto," as it is used in § 27-14-19. On the other end are incidental beneficiaries *and beneficiaries of a group policy, who we conclude are probably excluded from the statutory phrase and are therefore not individually entitled to copies of the policy, absent an inquiry, even though they may be "insureds."* We do not read the statute as being so broad as to extend the right to receive a copy of a policy to all persons who may claim some coverage rights under the policy.

*Id.* (emphasis added). To the extent that the discussion of a "hypothetical spectrum of possible insureds" in *Brown Machine Works* is dictum, we find such dictum persuasive on the issue of how the Alabama Supreme Court would rule if presented with a case involving an insurer's duties under § 27-14-19 to insureds covered by a group insurance policy. *See United States v. Ramstad*, 308 F.3d 1139, 1145 (10th Cir. 2002) ("[E]ven dicta can be persuasive evidence of how a state court might rule on an issue of state law").

Second, we agree with USLIC that the general policy-delivery requirement of § 27-14-19 is superseded in the group-policy context by a specific provision that individual insureds under group disability policies are entitled to a certificate of insurance. Alabama Code § 27-20-2(2) provides that each group disability insurance policy must contain a provision that the insurer will furnish a summary statement (certificate) to the policyholder for delivery to each employee or member of the insured group. The policy at issue complies with this statute. It contains the following provision: "[USLIC] will issue certificates to the Policyholder. The Policyholder must give a certificate to each insured person. Such certificates will described [sic] such person's benefits and rights under this policy." Jt. App., Vol. I at 120.

Reiner responds that the duty to provide a certificate does not preclude an equally binding duty to provide a copy of the policy. He does not explain,

however, why an insured who is entitled to the policy itself also needs a certificate of insurance. As USLIC points out, providing copies of both documents is likely to result more in confusion than in adequate notice of the policy's terms.

Indeed, a two-tiered structure is the common practice within the industry. "When a group insurance plan goes into effect, a group or master policy is customarily issued to the employer or analogous policyholder, and certificates of insurance or other literature, which are prepared by the insurer, the policyholder, or both, and which explain the benefits provided by the plan, are issued to the individual employees or other persons who are insured thereunder." Donald M. Zupanec, Annotation, *Group Insurance: Binding Effects of Limitations on or Exclusions of Coverage Contained in Master Group Policy but not in Literature Given Individual Insureds*, 6 A.L.R. 4th 835, § 2[a] at 837 (1981).

In this circumstance we believe that Ala. Code § 27-1-6 governs. It states: "Provisions of this title relative to a particular type of insurer or a particular matter shall prevail over provisions in [Title 27] relating to insurance in general, insurers in general or such matters in general." Although there may be no "logical" inconsistency between requiring delivery of the policy (a provision applying to insurance in general) and requiring delivery of a certificate (a provision applying to group disability insurance in particular), we have already

noted that there is scant need for a certificate when one has the policy, so it is unlikely that the legislature would require delivery of both. We conclude that USLIC is not estopped under § 27-14-19 from asserting the condition of its policy requiring full-time employment, because it had no duty to provide a copy of the policy to Reiner.

We find support for our conclusion in a Louisiana case applying a statute virtually identical to Alabama's § 27-14-19, where the court rejected a claim by a group policy insured that his late filing of a suit should be excused because he had never received a copy of the policy. *King v. Pan Am. Life Ins. Co.*, 324 So. 2d 535, 538 (La. Ct. App. 1975). The court credited testimony that "in the case of group policies it is customary to deliver the policy to the group along with certificates of the contents of the policy to be delivered by the group to each of its members eligible for coverage." *Id.* Thus, non-delivery of the policy itself to a group member did not excuse the late filing.

2. **Delivery of certificate to Reiner**

Even though Reiner was not entitled to delivery of the policy, he was entitled to a certificate of insurance. *See* Ala. Code, § 27-20-2(2). An insurer who fails to provide a certificate to a member of the insured group may be estopped from denying coverage based on exclusions contained in the certificate. *See Moses v. Am. Home Assurance Co.*, 376 So.2d 656, 658 (Ala. 1979).

-10-

USLIC contends that Reiner has waived any argument about the certificate by failing to present the argument to the district court. To be sure, Reiner did not expressly cite § 27-20-2(2), but he did raise the issue whether he should have been provided with a certificate prior to November 1999. Jt. App., Vol. II at 532-35. Moreover, the district court addressed the issue, noting that "Alabama law governing group and blanket disability insurance does not even require the insurer to furnish each covered person a certificate." *Id.* at 611. We conclude that the issue has been preserved for our review.

As noted, the district court determined that Reiner was not entitled to a certificate of insurance. It reached this conclusion based on its reading of Ala. Code § 27-20-6. Section 27-20-6 states: "An individual application shall not be required from a person covered under a blanket disability policy or contract, nor shall it be necessary for the insurer to furnish each person a certificate." Reiner argues that § 27-20-6 does not apply here, however, because the USLIC policy is a "group disability policy" as defined in Ala. Code § 27-20-1, rather than a "blanket disability policy or contract" as defined by section 27-20-4(8). USLIC concedes that section 27-20-6 does not apply in this case. Aplee. Br. at 16. Hence, we may assume that § 27-20-2(2) applies.

Nevertheless, summary judgment is appropriate on the certificate claim. In order to overcome the general rule against enlargement of policy coverage by

-11-

estoppel, the insured must show that the insurer's failure to comply "has prejudiced the insured." *Brown Mach. Works*, 659 So. 2d at 58. Reiner cannot show prejudice from failure to receive a certificate from USLIC, because he admits he received a certificate from the prior Allianz Life policy, which contained the same thirty-hour-work-week requirement as the USLIC policy.

Reiner argues that although he received the Allianz Life certificate, he did not know about the change of carriers until he attempted to submit a claim. Jt. App., Vol. II at 487. He now contends that had he been provided a new certificate of insurance when USLIC took over the policy, he might have discovered the thirty-hour restriction and searched elsewhere for disability insurance. He fails to argue, however, that he was misled in any way by lack of notice that USLIC had become the carrier on the policy. Given that he already had notice of the thirty-hour restriction, which did not change, there is no basis for application of estoppel. *See, e.g., Ex parte Baker*, 432 So. 2d 1281, 1285 (Ala. 1983) (estoppel requires misleading statement or silence by actor, and reliance thereon by injured party).

We conclude that Reiner has failed to demonstrate a genuine issue of material fact concerning whether he was prejudiced by failing to receive a certificate from USLIC, and has shown no basis for the application of estoppel.

The judgment of the United States District Court for the District of Wyoming is AFFIRMED.

Entered for the Court


Harris L Hartz
Circuit Judge